EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

AMENDED

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 563-2019-001011 |

_____ and EEOC
State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Gleanice Brown | (816) 719-5488 | 10-11-1966 |

Street Address / City, State and ZIP Code
4512 E. 104th St. Kansas City, Missouri, 64137

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Kansas City Police Department | 500+ | (816) 234-5510 |

Street Address / City, State and ZIP Code
1125 Locust St. Kansas City, MO, 64108

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Kansas City, Missouri Fraternal Order of Police | 500+ | (816) 231-8011 |

Street Address / City, State and ZIP Code
527 W. 39th Street #201, Kansas City, MO, 64111

DISCRIMINATION BASED ON (Check appropriate box(es).)
☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01/2015   Latest: 01/08/2019
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

It all started in 2015. For several years prior, my unit's caseloads were too large for us to handle and we constantly asked our supervisors for more workers to lessen the caseloads. In 2015, Sgt. Murray told our squad that another squad was being formed to help us with our backlog of cases. The KCPD told the CAC Unit that the assisting squad would handle cases that were over six months old. However, the supervisors of the assisting squad routinely delayed picking up case files and the case files would sit in the CAC office and continuously accumulate. Then they would close out a majority of the cases even if the cases had significant probable cause. The detectives of the CAC Unit reported this behavior to the KCPD and the prosecutor's office, but the assisting squad were never held liable, because they stated that they were not the ones being investigated. On 1-28-2015, the entire unit, except for one detective was suspended and reinstated four days later. Additionally, the KCPD targeted me and other African American women and had our interviews last substantially more days longer than our Caucasian and male counterparts. The CAC Unit was suspended due to Sergeant Seward's alleged findings of deficiencies. The KCPD and the Jackson County Prosecutor's office intentionally and strategically leaked confidential and internal findings to Kansas City Star and specifically targeted the African American female detectives because of their race. The KC Star even uses a picture of a Black Female Detective as the cover of this story.

In January 2016, the investigation was aired on television and our entire unit was suspended. Our unit was reinstated several days later. In June 2016, I was removed from patrol without explanation. However, I learned later that I was targeted and removed by the Chief of Police specifically at Prosecutor Jean Peters Baker's request.

In December 2017, I provided a statement to internal affairs about how I felt I was being treated unfairly with regards to the investigation, as the KCPD would provide false public statements about my tenure working at the Crimes Against Children ("CAC"). However, I did not realize that this treatment was based upon my race, age and gender until October 2018.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

12/20/19
Date / Charging Party Signature

NOTARY – When necessary for State or Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 563-2019-001011 |

AMENDED

and EEOC

*State or local Agency, if any*

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

After January 2015, the African American women and I were more severely scrutinized and were paid less than our Caucasian male counterparts, but I was unaware this treatment was because of my race and gender until October 2018. In October 2018, I realized that the KCPD specifically targeted and discriminated against by race, age and gender by their investigative process and recommendations. When I had the opportunity to review the report, I realized that the report contained many inconsistencies and falsehoods. The inconsistencies and falsehoods ranged from supervisors making false allegations of my work ethic and quality, to the more serious false allegation of finding a .22 caliber gun in my desk. These were all violations of departmental policy. I was recommended to be terminated. On this day, I realized that this investigation and determination was discriminatory.

The African American Female detectives in the CAC unit were transferred to an entirely different bureau, forced to change positions from detective to patrol officer, then placed on administrative duty. However, the other Caucasian Male detectives were allowed to remain on patrol. The African American Female detectives in the CAC Unit never were reinstated their titles as detective.

The KCPD determined that the main cause of issues from the CAC stemmed from the supervision officers mismanagement of the office. Primarily Sergeant Zink and Captain Paulson's lack of leadership, guidance and refusal to allow CAC Unit detectives to work overtime and refusal to provide needed alleviation for the CAC Unit detectives' heavy workloads. Additionally, Sergeant Zink and Captain Paulson had a racial and sexual bias against the African American Female detectives in the CAC. Sergeant Zink would maintain a file specifically for the African American Female detectives in the CAC and was caught tampering with files related to the investigation. Captain Paulson was allowed to use allegedly purged information against African American Female detectives. Major Lindaman attempted to preempt a potential racial bias accusation in his interview prior to the recommendation for suspension. Sergeant Seward would publicly inform the Caucasian Male detectives that they had nothing to worry about, because she would pick and choose which cases were to be submitted. The Human Resource Commander, Captain Berquist had a history of using racial expletives to address his African American ex wife while at work. Brad Lemon, FOP's president also informed the African American detectives in the CAC that there was a racial and sexual element in KCPD investigation and recommendations; and he further alleged that the African American detectives were being scapegoated and targeted.

The Review Committee recommended that only the African American women in the unit would receive harsh discipline while Caucasian Male Younger counterparts only received minimal discipline, if any, and was allowed to return as detectives in the Sex Crimes unit. I reported to the Fraternal Order of Police representatives that I was discriminated against by my race, age and gender. However, the Fraternal Order of Police treated me differently based on my race, sex and age, as the Fraternal Order of Police did not provide me with any legal representation or counsel during any of my proceedings, even though they have provided representation to other similarly situated younger Caucasian Males.

In December 2018, KCPD's president of the FOP Sgt. Lemon told me on multiple occasions that I would be terminated and if I did not accept my termination, then my retirement benefits would be jeopardized. The KCPD told me that my retirement benefits were not secured, even though I contacted the Department's Retirement Board, who advised me that I completed my twenty five years necessary for retirement. Because of the threat of losing my retirement benefits, I accepted the termination. I was eventually replaced by a person that was younger than me.

The Internal Affairs Unit did not conduct a proper, unbiased or fair investigation. The investigation was primarily based upon the memorandums and "findings" of Sergeant Seward and Captain Zink which, as stated, were racially and sexually biased. They intentionally did not interview a material African American female employee in the CAC unit, because of her race and instead moved this employee to another location, and opted to interview a retired white female civilian that retired two years prior to the investigation.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 12/20/19 Date  *[signature]*  Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

| | | |
|---|---|---|
| **CHARGE OF DISCRIMINATION** This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: ☐ FEPA ☐ EEOC | AMENDED Agency(ies) Charge No(s): 563-2019-001011 |

and EEOC

*State or local Agency, if any*

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

KCPD's punishment for the African American Female detectives in the CAC unit was also more severe compared to our Caucasian male counterparts. There were vague and unclear applications of the procedures describing how to conduct investigations in the CAC Unit. This caused every single detective in the CAC to make "procedural" violations, even though they were complying with the mandated procedures at the time. However, the African American Female officers were punished more severely for these offenses. Additionally, the KCPD submitted substantially fewer cases against Caucasian and Male detectives compared to African American female detectives. Also, the supervisors would specifically target the African American female detectives in the CAC unit by assigning them cases that their Caucasian male counterparts were previously assigned to and punishing the African American female detectives for any deficiencies or untimeliness stemming from these files.

Additionally, the KCPD retaliated against all of the African American women by placing them on administrative assignments and had our ability to make arrests taken away from us, while our Caucasian Male counterparts were able to maintain their status and some were promoted.

The KCPD also allowed Jean Peters Baker to specifically target the African American detectives in the CAC and use them as scapegoats to shield herself from their own culpability for her failure to prosecute and mismanagement of multiple cases that the CAC sent to the Jackson County Prosecutor's office.

After the investigation was completed, the KCPD refused to use the same "Quality Control" unit to apply its practices to other units as they did not want the unit to adversely affect other units with their investigation.

Because of my forced retirement, I not only lost my career, but I lost substantial benefits from retiring early. KCPD's behavior has additionally tarnished my public reputation, damaged me emotionally, and humiliated me publicly.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
| I declare under penalty of perjury that the above is true and correct. 12/20/19 *Date* *Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |