**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**AT KANSAS CITY**

| | | |
|---|---|---|
| GLENICE BROWN, | ) | |
| | ) | |
|    and | ) | |
| | ) | |
| LATONDRA MOORE, | ) | Case No. 4:20-CV-00920 |
| | ) | |
|    and | ) | |
| | ) | |
| TAMARA SOLOMON, | ) | |
| | ) | |
|          Plaintiffs, | ) | |
|    vs. | ) | |
| | ) | |
| KANSAS CITY, MISSOURI | ) | |
| BOARD OF POLICE | ) | |
| COMMISSIONERS, | ) | |
| BY AND THROUGH ITS MEMBERS, | ) | |
| DON WAGNER, MARK TOLBERT, | ) | |
| CATHY DEAN, NATHAN GARRETT | ) | |
| AND QUINTON LUCAS**,** | ) | |
| through its members, | ) | |
| <u>Serve</u>: 1125 Locust Street | ) | |
| Kansas City, Missouri 64106 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KANSAS CITY, MISSOURI | ) | |
| FRATERNAL ORDER OF POLICE | ) | |
| LODGE #99 | ) | |
| <u>Serve:</u> 527 W. 39th Street #201 | ) | |
| Kansas City, MO,64111 | ) | |
| | ) | |
| Defendants. | ) | |

**<u>SECOND AMENDED COMPLAINT FOR DAMAGES</u>**
**Allegations Common to All Counts**

      COME NOW plaintiffs Gleanice Brown, Latondra Moore, and Tamara Solomon for their

Amended Complaint against defendant Kansas City, Missouri Board of Police Commissioners,

by and through its members, Don Wagner, Mark Tolbert, Cathy Dean, Nathan Garrett and Quinton Lucas (hereinafter referred to as "KCPD") and defendant Kansas City, Missouri Fraternal Order of Police (hereinafter referred to as "FOP"), state and allege as follows:

## Nature of the Claims

1.     This is an action for legal and equitable relief to redress the deprivation of plaintiffs' civil rights pursuant to the Civil Rights Act of 1964, 42 USC § 2000e *et seq.* and 42 U.S.C. § 1981, 42 U.S.C. § 623 and for retaliation in violation of 42 USC § 2000e *et seq,* Title VII, 42 U.S.C. § 623, and 42 U.S.C. § 1981.

## Parties

2.     Plaintiff Gleanice Brown is an individual citizen and resident of Jackson County, Missouri; she is an African American Female who is over the age of forty, and was a police officer with the Kansas City, Missouri Police Department and worked as a detective in the Crimes Against Children Unit, and, at all times mentioned herein, was employed by defendant KCPD at its location in the City of Kansas City, Jackson County, Missouri.

3.     Plaintiff Latondra Moore is an individual citizen and resident of Jackson County, Missouri; she is an African American Female police officer with the Kansas City, Missouri Police Department who worked as a detective in the Crimes Against Children Unit, and, at all times mentioned herein, was employed by defendant KCPD at its location in the City of Kansas City, Jackson County, Missouri.

4.     Plaintiff Tamara Solomon is an individual citizen and resident of Jackson County, Missouri; she is an African American Female and was a police officer with the Kansas City,

Missouri Police Department who worked as a detective in the Crimes Against Children Unit, and, at all times mentioned herein, was employed by defendant KCPD at its location in the City of Kansas City, Jackson County, Missouri.

5. Defendant Kansas City, Missouri Board of Police Commissioners, by and through its members, Don Wagner, Mark Tolbert, Cathy Dean, Nathan Garrett and Quinton Lucas (referred to as "KCPD") is legally organized, created, and established under and by virtue of the laws of the State of Missouri and has committed tortious acts in the State of Missouri; with its principal place of business at 1125 Locust Street, Kansas City, Missouri 64106; and is responsible for the actions, policies, practices, and customs of Kansas City Police Officers as well as the hiring, screening, training, supervision, controlling, and disciplining of law enforcement officers and other employees and agents of the KCPD.

6. Defendant Kansas City Fraternal Order of Police Lodge No. 99 (referred to as "FOP") is a legally organized nonprofit corporation, created, and established under and by virtue of the laws of the State of Missouri and has committed tortious acts in the State of Missouri; with its principal place of business at 527 W. 39th Suite 201, Kansas City, Missouri, 64111.

7. At all times mentioned herein, each of defendants KCPD and FOP's employees referenced in this Complaint were the agents, servants, and employees of defendant KCPD and FOP.

<u>**Jurisdiction and Venue**</u>

8. This Court has jurisdiction over the claims enumerated herein pursuant to 28 U.S.C. § 1331.

3

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the events or omissions giving rise to plaintiffs' claims occurred at the Kansas City Police Department located at 1125 Locust Street, Kansas City, Jackson County, Missouri; plaintiffs were first injured in Jackson County, Missouri, and because defendant transacts business within Jackson County, Missouri.

**Administrative Proceedings**

10.     On or about December 20, 2019, plaintiff Brown timely filed an amended charge of discrimination against KCPD with the Equal Employment Opportunity Commission.  A copy of plaintiff Brown's charge of discrimination is attached hereto as Exhibit "A", and by this reference is made a part hereof.

11.     Plaintiff Brown's Right to Sue Notice from the U.S. Equal Employment Opportunity Commission is dated August 17, 2020, and Plaintiff's Complaint for employment discrimination was timely filed within ninety days of the date of the Right to Sue Notice. A copy of plaintiff's Notice of Right to Sue is attached hereto as Exhibit "B".

12.     On or about December 20, 2019, plaintiff Moore timely filed an amended charge of discrimination against KCPD with the Equal Employment Opportunity Commission.  A copy of plaintiff Moore's charge of discrimination is attached hereto as Exhibit "C", and by this reference is made a part hereof.

13.     Plaintiff Moore's Right to Sue Notice from the U.S. Equal Employment Opportunity Commission is dated August 17, 2020, and Plaintiff's Complaint for employment discrimination was timely filed within ninety days of the date of the Right to Sue Notice. A copy

4

of plaintiff's Notice of Right to Sue is attached hereto as Exhibit "D".

14. On or about December 20, 2019, plaintiff Solomon timely filed an amended charge of discrimination against KCPD and FOP with the Equal Employment Opportunity Commission. A copy of plaintiff Solomon's charge of discrimination is attached hereto as Exhibit "E", Exhibit "F", and Exhibit "I" and by this reference is made a part hereof.

15. On or about July 31, 2020, plaintiff Solomon timely filed an charge of discrimination against KCPD and FOP with the Equal Employment Opportunity Commission. A copy of plaintiff Solomon's charge of discrimination is attached hereto as Exhibit "J", Exhibit "K", Exhibit "L" and Exhibit "M" and by this reference is made a part hereof.

16. Plaintiff Solomon's Right to Sue Notice from the U.S. Equal Employment Opportunity Commission is dated August 17, 2020, and Plaintiff's Complaint for employment discrimination was timely filed within ninety days of the date of the Right to Sue Notice. A copy of plaintiff's Notice of Right to Sue is attached hereto as Exhibit "G" and Exhibit "H".

17. Plaintiff Solomon's Right to Sue Notice from the U.S. Equal Employment Opportunity Commission is dated October 29, 2020 and Plaintiff's Complaint for employment discrimination was timely filed within ninety days of the date of the Right to Sue Notice. A copy of plaintiff's Notice of Right to Sue is attached hereto as Exhibit "N," Exhibit "O," and Exhibit "P".

18. Plaintiff Solomon's Right to Sue Notice from the U.S. Equal Employment Opportunity Commission is dated December 18, 2020, and Plaintiff's Complaint for employment discrimination was timely filed within ninety days of the date of the Right to Sue Notice. A copy

5

of plaintiff's Notice of Right to Sue is attached hereto as Exhibit "Q," and Exhibit "R".

19.     This action has been timely filed with this Court and plaintiffs Brown, Moore and Solomon have fully complied with all administrative prerequisites before filing this action.

**<u>Factual Allegations</u>**

20.     At all times mentioned herein, plaintiffs Brown, Moore and Solomon were lawfully employed as Detectives at KCPD in the Crimes Against Children Unit (hereinafter referred to as the "CAC").

21.     At all times mentioned herein Plaintiffs Brown, Moore and Solomon's immediate supervisors were Sgt. Murray, Sgt. Zink, Captain Paulson, Major Lindaman and Sgt. Seward.

22.     At all times mentioned herein, defendant KCPD knew that Sgt. Murray, Sgt. Zink, Sgt. Seward, Major Lindaman and Capt. Paulson had a racial and sexual bias against the African American Female Officers in the CAC Unit; Sgt. Zink was discovered to maintain a file specifically for the African American Female Detectives in the CAC Unit and was caught tampering with files related to the CAC Unit's investigations; Capt. Paulson was allowed to use purged information against the African American Female detectives during the CAC Unit investigation; Sgt. Seward would publically inform the Caucasian Male detectives that they should not worry, because she had the ability to pick and choose which cases were to be investigated and that the Caucasian Male detectives had nothing to worry about; finally Major Lindaman admitted that there was a potential racial bias to defendant KCPD before recommending the suspension of the African American Female detectives.

23.     Additionally, defendant KCPD's Human Resource Commander, Captain

6

Berquiest, has a history of using racial expletives to address his African American Ex-Wife while at work.

24.     At all times mentioned herein, the African American Women in the Crimes Against Children Unit were more severely scrutinized and paid less than similarly situated Caucasian Males who worked in defendant KCPD's CAC unit.

25.     At all times mentioned herein, defendant KCPD conducted a demonstrably biased and unfair investigation against its African American Female detectives in the CAC Unit; as stated below, the findings and recommendations of defendant KCPD's supervisors were racially and sexually motivated. Defendant KCPD didn't even interview a material African American female employee in their investigation, because of her race and gender.

26.     At all times mentioned herein, defendant KCPD's application of and punishment for procedure and policy violations was discriminatorily applied towards the African American female Detectives in the CAC Unit compared to similarly situated caucasian male detectives in the CAC Unit; defendant KCPD's supervisors in the CAC unit enforced vague, inconsistent and unclear procedures and policies for the CAC Unit; because of this every detective in the CAC unit committed technical policy and procedure violations even if the detectives were complying with the mandated procedures at the time; however, the African American Female detectives were punished more severely and harshly for these offenses compared with similarly situated caucasian male detectives.

27.     At all times mentioned herein, defendant KCPD burdened the African American female officers with a higher caseload compared with similarly situated Caucasian Males;

7

additionally, defendant KCPD would specifically target the African American Female detectives in the CAC Unit by assigning them to cases that the Caucasian Male detectives were previously assigned to, and punish the African American Female detectives for any deficiencies or untimeliness committed by the Caucasian Male detective's prior work.

28.     At all times mentioned herein, defendant KCPD discriminated against the African American female detectives in the CAC unit by revoking their ability to make arrests and specifically placing the African American Female detectives on administrative assignments, while similarly situated Caucasian Males in the CAC Unit were able to maintain their status, but also receive promotions.

29.     At all times mentioned herein, defendant KCPD targeted and discriminated against the African American Female Detectives in the CAC Unit by allowing Jackson County Prosecutor Jean Peters Baker to scapegoat these detectives, thereby shielding herself and defendant KCPD from their own culpability in their continued mismanagement of and failure to prosecute multiple cases that the CAC Unit sent to the Jackson County Prosecutor's Office.

30.     At all times mentioned herein, defendant KCPD targeted and discriminated against the African American Female Detectives in the CAC Unit by refusing and failing to apply the same Quality Control and investigative procedures to other Units at the KCPD, because of defendant KCPD's desire to not adversely affect other units with investigations or punishments.

31.     At all times mentioned herein, defendant FOP never provided any of the African American Female detectives with any legal representation, guidance or counsel for any of their

8

proceedings, even though defendant FOP has provided representation to other similarly situated Caucasian Males.

32.     At all times herein, the CAC unit was notoriously understaffed and employees dealt with extremely high caseloads, manpower issues and additional workload responsibilities; and as a result the CAC unit's detectives would constantly request that defendant KCPD provide more staff to help alleviate the workload that stymied the CAC Unit's investigative process.

33.     Despite these requests, in 2013 the CAC unit reached a crisis point; the CAC unit was notoriously understaffed and the caseloads in the CAC unit were overly burdensome; defendant KCPD continuously allowed the CAC unit to operate with fewer detectives than other units, and only provided the CAC unit with the additional help of inexperienced detectives with improper training.

34.     In 2015, there was a group of approximately four detectives and one sergeant (hereinafter referred to as the "assisting squad") assigned to help the CAC Unit with its backlog of cases that were over six months old.

35.     However, the assisting squad only increased the burden on the CAC Unit; the assisting squad would sabotage the CAC Unit's investigations by routinely delaying to pick up case files and intentionally not assisting with any workload responsibilities; this practice led to even more case files accumulating in the office.

36.     Worse, the assisting squad would close out a majority of cases, even if the cases had significant probable cause.

37.     Because of this behavior, the Detectives of the CAC unit reported this to

defendant KCPD and the Jackson County Prosecutor's Office, but the assisting squad was never held liable and was never punished for its acts.

38.     This was because the assisting squad was not actually sent to help alleviate the burden on the CAC Unit, but rather to conduct an investigation into the behavior of the African American Female detectives in the CAC Unit.

39.     In November 2015, defendant KCPD started to report the deficiencies in plaintiffs Brown, Moore, and Solomon's casework.

40.     In plaintiff Moore's twelve-year career, before November 2015, she had never received any unsatisfactory evaluations from defendant KCPD.

41.     Since 2015, defendant KCPD has specifically targeted the African American detectives in the CAC Unit and has used them as scapegoats in the media; plaintiffs were unable publicly discuss the false allegations given to the news media by defendant KCPD and Jackson County Prosecutor Jean Peters Baker, because defendant KCPD told them that there was a gag order over the CAC Unit and instructed the African American female detectives not to engage in public discourse or else they would be violating a department policy.

42.     In January 2016, the CAC unit investigation was aired on television and the entire CAC unit, except for one detective, was suspended and reinstated four days later; the suspension was due to Sgt. Seward's alleged findings of deficiencies in the CAC Unit's work.

43.     At all times mentioned herein, defendant KCPD consistently intentionally and strategically leaked confidential and internal findings pertaining to the CAC Unit investigation to the Kansas City Star. These findings specifically targeted and scapegoated the African American

10

Female detectives in the CAC Unit, including using an African American Female cartoon in their article, for the deficiencies of defendant KCPD and the Jackson County Prosecutor's Office.

44. Additionally, defendant KCPD targeted all of the African American women in the CAC Unit by conducting interviews that lasted days longer than the interviews given to their Caucasian Male Counterparts.

45. In June 2016, defendant KCPD, by the Chief of Police's direction, removed plaintiff Brown again from patrol without any explanation.

46. In December 2017, plaintiff Brown reported to defendant KCPD's internal affairs division that defendant KCPD treated her unfairly throughout their investigative process and provided false statements to the media about her tenure in the CAC Unit; however, no action was taken as a result of this complaint and plaintiff Brown was instructed by the KCPD to make no public statements to the media.

47. On May 15, 2018, defendant KCPD's Internal Affairs concluded its investigation into the CAC Unit, but delivered its findings and recommendations to plaintiffs Brown, Moore, and Solomon October 22, 2018.

48. On October 22, 2018, plaintiffs Brown, Moore, and Solomon first realized that defendant KCPD was targeting, discriminating, and treating them and other African American Females unfairly because of their race and gender.

49. In October 22, 2018, defendant KCPD specifically targeted and discriminated against plaintiffs Brown, Moore, and Solomon's race and gender through their investigative process and recommendations procured through defendant KCPD's CAC Unit investigation.

11

50. In October 22, 2018, plaintiffs Brown, Moore, and Solomon had an opportunity to review defendant KCPD's CAC Unit's findings and recommendations and realized that the report contained may inconsistencies and falsehoods ranging from false statements regarding plaintiffs work ethic and quality, to the more serious false allegations of defendant KCPD finding a .22 caliber in plaintiff Brown's desk or plaintiff Solomon alleged failure to report a shooting incident that plaintiff Solomon was never a part of to Jackson County Prosecutor Jeans Peter Baker ; based on these false findings, plaintiff Brown was recommended to be suspended and terminated.

51. On October 22, 2018, plaintiff Moore was recommended to be suspended for twelve days.

52. On October 22, 2018, plaintiff Solomon was recommended for suspension and termination.

53. On October 22, 2018, plaintiffs Brown, Moore, and Solomon reported to defendant KCPD and Defendant FOP that they were being treated differently, because of their race and gender.

54. The recommendations for plaintiffs' suspension and termination were made despite the fact that the KCPD itself determined that the main cause of the issues related to the CAC Unit stemmed from the supervising officer's mismanagement of the office.

55. Defendant KCPD specifically cited Sergeant Zink and Captain Paulson's lack of leadership or guidance, and their refusal to allow the CAC Unit detectives to work overtime or provide methods for the CAC Unit to alleviate its heavy workload.

12

56.     Moreover, on October 22, 2018, defendant FOP President Brad Lemon informed the African American female detectives in the CAC Unit that there was a racial and sexual element in the KCPD's investigation and recommendations, and that the African American Female detectives were being scapegoated and targeted because of their race and gender.

57.     Defendant KCPD recommended that only the African American women in the CAC Unit should receive harsh discipline, which included administrative leave, losing their detective status, suspension, and termination.

58.      However, defendant KCPD recommended that the plaintiffs' Caucasian Male counterparts in the CAC Unit should only receive minimal, if any, discipline, and they were allowed to return as detectives in the Sex Crimes Unit.

59.     Most egregiously, defendant KCPD's supervisors were never suspended or recommended for termination.

60.     The African American female Employees in the CAC unit were transferred to an entirely different bureau, forced to change positions from detective to patrol officer, and then placed on administrative duty; while the other Caucasian Male detectives were allowed to remain on patrol and defendant KCPD reinstated their titles as detectives.

61.     In December 2018, defendant FOP President Sgt. Lemon told plaintiff Brown on multiple occasions that defendant KCPD recommended her for termination and that if plaintiff Brown did not accept her termination, then her retirement benefits would be jeopardized.

62.     Upon hearing this, plaintiff Brown contacted defendant KCPD's Retirement Board, who informed plaintiff Brown that she completed her 25 year requirement and that her

retirement was secured; however defendant KCPD continued to insist that if plaintiff Brown refused to retire, then plaintiff Brown would lose her retirement benefits.

63.     Through its actions, defendant KCPD targeted and discriminated against plaintiff Brown by her age, race, and gender and coerced plaintiff Brown into retirement; afterwards defendant KCPD filled plaintiff Brown's newly vacant position with a younger person.

64.     After plaintiff Brown's constructive discharge, defendant KCPD continued to target and discriminate against plaintiff Moore and Solomon; defendant KCPD would continuously leak false information to the Kansas City Star to defame plaintiffs' names and use plaintiffs as scapegoats to cover its own malfeasance.

65.     As a result, on January 8, 2019 plaintiff Moore wrote a formal complaint to the defendant KCPD's Human Resource department and stated again that she was being discriminated against based on her sex and race.

66.     Despite this report and the EEOC charges filed against the KCPD, defendant KCPD continued to target and retaliate against plaintiffs by leaking false statements and allegations to the press about its investigation findings.

67.     From January 2019 until plaintiff Solomon's termination, defendant KCPD continued to target, retaliate and discriminate against her.

68.     In January 2019, plaintiff Solomon was a victim of a domestic violence incident perpetuated by her ex-wife.

69.     Despite defendant KCPD initially labeling plaintiff Solomon as a victim in the case, defendant KCPD's discriminatory and retaliatory practices against African American

14

Female detectives continued when defendant KCPD changed plaintiff Solomon's status from victim to suspect, despite substantial evidence showing that plaintiff Solomon was the victim.

70.     Defendant KCPD made this tasteless, insensitive and morally corrupt change, because of plaintiff Solomon's race and gender, but more importantly as retaliation towards plaintiff Solomon for reporting her discrimination to defendant KCPD and the EEOC.

71.     During the investigation, defendant KCPD committed numerous improper investigative practices against plaintiff Solomon because of her race and gender, and her EEOC complaint against defendant KCPD.

72.     No criminal charges were ever filed against plaintiff Solomon.

73.     Despite this, on April 2nd, 2019, defendant KCPD recommended plaintiff Solomon for termination, because of the domestic violence incident in which she was the victim.

74.     More egregiously, defendant KCPD instructed plaintiff Solomon to have a meeting with her abusive wife at KCPD headquarters and demanded that plaintiff Solomon bring her child, who was a minor, into KCPD headquarters for questioning.

75.     To ensure her safety, and the safety of her child, plaintiff Solomon refused to allow this meeting to take place.

76.     As a result, defendant KCPD stated that plaintiff Solomon was not cooperating with the investigation and was in violation of department policy, and recommended termination for plaintiff Solomon.

77.     This is despite the fact that defendant KCPD has numerous other similarly situated caucasian male detectives and officers who were involved in domestic violence

15

situations, as both the victim and the suspect, and even had charges filed against them, but were never punished or recommended for termination; this is especially true in situations where the Caucasian Male detective or officer was the victim of the abuse.

78. On June 13, 2019, defendant KCPD hired an investigator and attorney, and instructed plaintiff Solomon to participate in an interrogation regarding her race and gender discrimation claims, even though the defendant KCPD knew that plaintiff Solomon was represented by an attorney; defendant KCPD attempted to force her to participate in an interrogation without her attorney present, which was a form of harassment and retaliation related not only to her race and gender, but also plaintiff Solomon's reports of discrimination and filed EEOC charges.

79. On August 22, 2019, plaintiff Solomon received a notice of suspension from the KCPD and was informed that her termination hearing was pending.

80. On December 3, 2019, plaintiff Solomon had a hearing in front of the Board of Police Commissioners regarding her termination, but was forced to represent herself pro-se, because defendant FOP refused to provide any representation.

81. This was because defendant FOP has treated plaintiff Solomon and other African American Female detectives differently than their Caucasian Male counterparts, because of their race and gender; defendant FOP refused and failed to provide plaintiff Solomon with any legal representation or counsel for any of her proceedings, even though defendant FOP has provided representation to other similarly situated Caucasian Males.

82. On February 18, 2020, plaintiff Solomon was notified that defendant KCPD

16

terminated her employment due to her domestic violence situation.

Case 4:20-cv-00920-DGK    Document 38    Filed 05/03/21    Page 17 of 70

## COUNT I
### Title VII – Racial Discrimination and Harassment

COMES NOW plaintiff Gleanice Brown and for Count I of this Complaint against defendant KCPD, states and alleges as follows:

83.     Plaintiff Brown adopts and incorporates all paragraphs of this Complaint as though fully set forth herein.

84.     Plaintiff Brown was lawfully employed as a Detective at KCPD in the Crimes Against Children Unit (hereinafter referred to as the "CAC") until her coerced retirement on or about January 8, 2019.

85.     This action is brought pursuant to 42 U.S.C. § 2000e *et seq.*

86.     Plaintiff Brown's complaints of racial discrimination and harassment constituted a protected activity.

87.     During the course and scope of plaintiff Brown's employment, defendant KCPD's agent, employees and representatives, acting within the course and scope of their employment, engaged in a pattern and practice of intentional discrimination and harassment of plaintiff Brown based on her race, in violation of 703(a) of Title VII, 42 U.S.C. §2000e 2(a) and §2000e 3(a).

88.     The harassment and discrimination shown through the unequal distribution of casework and administrative work, harassment from other supervisors and management staff, unfair and unregulated tendencies to not follow policies and proceudres, unequal promotion practices, unequal pay practices, unequal punishments, improper and biased investigative practices, and discriminatory punishment practices of defendant KCPD's management had the

18

purpose and effect of unreasonably interfering with plaintiff Brown's work performance, thereby creating an abusive, hostile, offensive and intimidating work environment.

89.    Defendant violated plaintiff Brown's civil rights by suspending and constructively terminating plaintiff Brown's employment based on plaintiff Brown's complaints of race, gender and age discrimination, intimidation based on plaintiff Brown's race, gender and age, and denial of the same terms and conditions of employment including advancement opportunities given to other employees but denied plaintiff Brown because of plaintiff Brown's race, age and gender.

90.    The actions and conduct of defendant's representatives acting within the course and scope of employment created an abusive, hostile, offensive and intimidating work environment by allowing the unequal distribution of casework and administrative work, harassment by supervisors and management staff, unfair, unregulated, and inconsistent application of policies and procedures, improper investigative practices, intentionally leaking false statements to the media, coercing early retirement, unequal promotion practices and distribution of time spent working compared to similarly situated Caucasian Male detectives and officers, and discriminatory punishments imposed by the management, and thereby detrimentally affecting plaintiff Brown.

91.    The unequal distribution of casework and administrative work, harassment by supervisors and management staff, unfair and unregulated tendencies to not follow policies and procedures, improper investigative practices, inconsistent applications of policy, leaking false statements to the media, coercing early retirement, unequal promotion practices, unequal pay practices, unequal distribution of time spent working compared to similarly situated Caucasian

19

Male detectives and officers, and discriminatory punishment practices of the management staff would have detrimentally affected a reasonable person of the same race under the same or similar circumstances as plaintiff Brown's.

92.     Defendant KCPD knew or should have known of the pervasive harassment and racial discrimination problems described herein, but failed to address the problem and further failed to implement effective and appropriate procedures to stop and remedy the harassment and racial discrimination.

93.     Defendant KCPD fostered a hostile and abusive work environment where plaintiff Brown worked by failing to provide an effective anti-harassment training program for supervisors, managers and employees, both in general and for Sgt. Seward, Sgt. Zink, Sgt. Murray, Major Lindaman, Captain Paulson and Captain Berquist, in particular.

94.     The conduct of defendant KCPD's supervisors, managers and employees, including Sgt. Seward, Sgt. Zink, Sgt. Murray, Major Lindaman, Captain Paulson and Captain Berquist, in speaking to or allowing other staff to treat plaintiff Brown with public ridicule, mockery, and racially harassing and insulting terminology was severe and pervasive enough to create a work environment that a reasonable person would consider hostile and abusive.

95.     By failing to conduct a prompt investigation of plaintiff Brown's complaints of race, gender and age discrimination, defendant KCPD exacerbated the discriminatory and hostile work environment to which plaintiff Brown was subjected.

96.     Defendant KCPD, by and through its agents and employees engaged in these discriminatory practices with malice and/or reckless indifference to plaintiff Brown's federally

20

protected rights.

97.     The actions and conduct of defendant KCPD's staff were outrageous, because of their evil motive to damage or destroy plaintiff Brown's right to fair pay and right to equal treatment, and/or their reckless indifference or conscious disregard for the federally protected rights of Brown.

98.     Further, the above-described conduct of defendant KCPD interfered with plaintiff Brown's work performance and adversely affected plaintiff Brown's employment, health and home life.

99.     The actions and conduct set forth herein were outrageous and showed evil motive and/or reckless indifference and/or conscious disregard for the rights of plaintiff Brown and others similarly situated, entitling plaintiff Brown to punitive damages from defendant KCPD to punish defendant and to deter defendant and others from like conduct.

100.    Plaintiff Brown has been (and continues to be) damaged as a direct and proximate result of defendant KCPD's actions causing plaintiff Brown severe and continuing injuries, including, but not limited to:

        a.    emotional pain and suffering;
        b.    insult;
        c.    mental distress;
        d.    embarrassment;
        e.    humiliation;
        f.    anxiety; and
        g.    inconvenience.

WHEREFORE, plaintiff Gleanice Brown requests that this Court, after a trial by jury of her claims, enter Judgment against defendant KCPD granting such relief as may be appropriate,

including: a finding that she has been subjected to unlawful conduct prohibited by 42 U.S.C. § 2000e *et seq.;* reinstatement; injunctive orders; such actual and punitive damages as are fair and reasonable; plaintiff's reasonable attorneys' fees, expert witness fees and expenses as provided by 42 U.S.C. § 2000e 5(k), the costs of this action; and for such further relief as the Court considers just and proper.

## COUNT II
**Title VII - Race Retaliation**

COMES NOW plaintiff Gleanice Brown and for Count II of this Complaint against defendant KCPD, states and alleges as follows:

101.     Plaintiff Brown adopts and incorporates all paragraphs of this Complaint as though fully set forth herein.

102.     This action is brought pursuant to 42 U.S.C. § 2000e *et seq.*

103.     Plaintiff Brown's complaints of racial discrimination and harassment constituted a protected activity.

104.     By reason of plaintiff Brown's complaints, defendant KCPD retaliated against plaintiff Brown resulting in plaintiff being harassed, unfairly disciplined, suspended and constructively terminated.

105.     At all times mentioned herein, the above-mentioned management and supervisory staff of defendant KCPD were agents, servants and employees of defendant KCPD acting within the course and scope of their employment.

106.     Defendant KCPD's retaliation against plaintiff Brown was intentional, willful,

22

and malicious, and constituted a willful violation of plaintiff Brown's federally protected rights.

107. At the time defendant KCPD retaliated against plaintiff Brown, defendant KCPD knew that such retaliation was unlawful.

108. The actions and conduct set forth herein were outrageous and showed evil motive and/or reckless indifference and/or conscious disregard for the rights of plaintiff Brown and others similarly situated entitling plaintiff Brown to punitive damages from defendant KCPD to punish and deter defendant and others from like conduct.

109. Plaintiff Brown has been (and continues to be) damaged as a direct and proximate result of defendant KCPD's actions causing plaintiff Brown severe and continuing injuries, including, but not limited to:

       a.     emotional pain and suffering;
       b.     insult;
       c.     mental distress;
       d.     embarrassment;
       e.     humiliation;
       f.     anxiety; and
       g.     inconvenience.

WHEREFORE, plaintiff Gleanice Brown requests that this Court, after a trial by jury of her claims, enter Judgment against defendant KCPD granting such relief as may be appropriate, including: a finding that she has been subjected to unlawful conduct prohibited by 42 U.S.C. § 2000e *et seq.;* reinstatement; injunctive orders; such actual and punitive damages as are fair and reasonable; plaintiff's reasonable attorneys' fees, expert witness fees and expenses as provided by 42 U.S.C. § 2000e 5(k), the costs of this action; and for such further relief as the Court considers just and proper.

23

## COUNT III
## Violation of 42 U.S.C. §1981

COMES NOW plaintiff Gleanice Brown and for Count III of this Complaint against defendant KCPD, states and alleges as follows:

110.     Plaintiff Brown adopts and incorporates all paragraphs of this Complaint as though fully set forth herein.

111.     This action is brought pursuant to 42 U.S.C. § 1981.

112.     During the course and scope of plaintiff Brown's employment, defendant KCPD's representatives, agents and employees, acting within the course and scope of their employment, engaged in a pattern and practice of intentional discrimination against plaintiff Brown based on her race in the making and enforcing of a contract.

113.     Defendant KCPD, by and through its representatives, agents, and employees, engaged in these discriminatory practices with malice and/or reckless indifference to plaintiff Brown's federally protected rights.

114.     The actions and conduct set forth herein were outrageous and showed evil motive and/or reckless indifference and/or conscious disregard for the rights of plaintiff Brown and others similarly situated entitling plaintiff Brown to an award of punitive damages from defendant KCPD to punish defendant and to deter it and others from like conduct.

115.     As a direct and proximate cause of the actions and conduct set forth herein, plaintiff Brown has suffered and will continue to suffer damages including lost wages and emotional distress.

24

116.    Plaintiff Brown has been (and continues to be) damaged as a direct and proximate result of defendant KCPD's  actions causing plaintiff Brown severe and continuing injuries, including, but not limited to:

        a.      emotional pain and suffering;
        b.      insult;
        c.      mental distress;
        d.      embarrassment;
        e.      humiliation;
        f.      anxiety; and
        g.      inconvenience.

WHEREFORE, plaintiff Gleanice Brown requests that this Court, after a trial by jury of her claims, enter Judgment against defendant KCPD granting such relief as may be appropriate, including: a finding that she has been subjected to unlawful conduct prohibited by 42 U.S.C. § 1981; reinstatement; injunctive orders; such actual and punitive damages as are fair and reasonable; plaintiff's reasonable attorneys' fees, expert witness fees and expenses,  the costs of this action; and for such further relief as the Court considers just and proper.

### COUNT IV
### 42 U.S.C. § 1981 - Race Retaliation

COMES NOW plaintiff Gleanice Brown and for Count XVI of this Complaint against defendant KCPD, states and alleges as follows:

117.    Plaintiff Brown adopts and incorporates all paragraphs of this Complaint as though fully set forth herein.

118.    This action is brought pursuant to 42 U.S.C. § 1981.

119.    Plaintiff Brown's complaints of racial discrimination and harassment constituted a

protected activity.

120. By reason of plaintiff Brown's complaints, defendant KCPD retaliated against plaintiff Brown resulting in plaintiff Brown being harassed, unfairly disciplined and constructively discharged.

121. At all times mentioned herein, the above-mentioned management and supervisory staff of defendant KCPD were agents, servants and employees of defendant KCPD acting within the course and scope of their employment.

122. Defendant KCPD's retaliation against plaintiff Brown was intentional, willful, and malicious, and constituted a willful violation of plaintiff Brown's federally protected rights.

123. At the time defendant KCPD retaliated against plaintiff Brown, defendant KCPD knew that such retaliation was unlawful.

124. The actions and conduct set forth herein were outrageous and showed evil motive and/or reckless indifference and/or conscious disregard for the rights of plaintiff Brown and others similarly situated entitling plaintiff Brown to an award of punitive damages from defendant KCPD to punish and deter defendant and others from like conduct.

125. As a direct and proximate cause of the actions and conduct set forth herein, plaintiff Brown has suffered and will continue to suffer damages including lost wages and emotional distress.

126. Plaintiff Brown has been (and continues to be) damaged as a direct and proximate result of defendant KCPD's actions causing plaintiff Brown severe and continuing injuries, including, but not limited to:

26

a.      emotional pain and suffering;
b.      insult;
c.      mental distress;
d.      embarrassment;
e.      humiliation;
f.      anxiety; and
g.      inconvenience.

WHEREFORE, plaintiff Gleanice Brown requests that this Court, after a trial by jury of her claims, enter Judgment against defendant KCPD granting such relief as may be appropriate, including: a finding that he has been subjected to unlawful conduct, including racial discrimination, harassment and retaliation prohibited by 42 U.S.C. § 1981; reinstatement; injunctive orders; such actual and punitive damages as are fair and reasonable; plaintiff's reasonable attorneys' fees, expert witness fees and expenses, the costs of this action; and for such further relief as the Court considers just and proper.

## COUNT V
### Title VII – Sex Discrimination and Harassment

COMES NOW plaintiff Gleanice Brown and for Count XVII of this Complaint against defendant KCPD states and alleges as follows:

127.    Plaintiff Brown adopts and incorporates all paragraphs of this Complaint as though fully set forth herein.

128.    During the course and scope of plaintiff Brown's employment, defendant KCPD's agents, employees and representatives, acting within the course and scope of their employment, engaged in a pattern and practice of intentional discrimination and harassment of plaintiff Brown based on her sexuality and gender, in violation of 703(a) of Title VII, 42 U.S.C. §2000e 2(a) and

27

§2000e 3(a).

129.    The harassment and discrimination shown through the unequal distribution of casework and administrative work, harassment from other supervisors and management staff, unfair and unregulated tendencies to not follow policies and procedures, improper investigative practices, inconsistent applications of policy, leaking false statements to the media, coercing early retirement, unequal promotion practices, unequal pay practices, unequal distribution of time spent working compared to similarly situated Caucasian Male detectives and officers, and discriminatory punishment practices of the management staff had the purpose and effect of unreasonably interfering with plaintiff Brown's work performance thereby creating an abusive, hostile, offensive and intimidating work environment.

130.    Defendant KCPD violated plaintiff Brown's civil rights by terminating plaintiff Brown's employment based on plaintiff Brown's complaints of sex discrimination, sex discrimination, harassment based upon plaintiff Brown's sex, intimidation based upon plaintiff Brown's sex, and denial of the same terms and conditions of employment including advancement opportunities given to other employees but denied plaintiff Brown because of plaintiff Brown's sex.

131.    The actions and conduct of defendant KCPD's agents, employees and representatives, acting within the course and scope of their employment, created an abusive, hostile, offensive and intimidating work environment by allowing the unequal distribution of casework and administrative work, harassment from other supervisors and management staff, unfair and unregulated tendencies to not follow policies and procedures, improper investigative

28

practices, inconsistent applications of policy, leaking false statements to the media, coercing early retirement, unequal promotion practices, unequal pay practices, unequal distribution of time spent working compared to similarly situated Caucasian male workers, and discriminatory punishment practices of the management staff thereby detrimentally affecting plaintiff Brown.

132. The unequal distribution of casework and administrative work, harassment from other supervisors and management staff, unfair and unregulated tendencies to not follow policies and procedures, improper investigative practices, inconsistent applications of policy, leaking false statements to the media, coercing early retirement, unequal promotion practices, unequal pay practices, unequal distribution of time spent working compared to similarly situated Caucasian male workers staff would have detrimentally affected a reasonable person of the same sex in the same or similar circumstances as plaintiff Brown.

133. Sgt. Murray, Sgt. Zink, Captain Paulson, Sgt. Seward and other management level employees knew or should have known of the pervasive harassment and sex discrimination problems described herein, but failed to address the problems and further failed to implement effective and appropriate procedures to stop and remedy the harassment and sex discrimination.

134. Defendant KCPD fostered a hostile and abusive work environment where plaintiff Brown worked by failing to provide an effective anti-harassment training program for supervisors, managers and employees, in general, and for Sgt. Murray, Sgt. Zink, Captain Paulson, and Sgt. Seward, in particular.

135. The conduct of defendant KCPD and defendant KCPD's supervisors, managers and employees, including Sgt. Murray, Sgt. Zink, Captain Paulson, and Sgt. Seward, in speaking

29

to or allowing other staff to treat plaintiff Brown with ridicule, mockery, and harassing and insulting terminology was severe and pervasive enough to create a work environment that a reasonable person under the same or similar circumstances would consider hostile and abusive.

136.    By failing to conduct a prompt investigation of plaintiff Brown's allegations of sex discrimination, defendant KCPD exacerbated the discriminatory and hostile work environment to which plaintiff Brown was subjected.

137.    Defendant KCPD, by and through its agents and employees, engaged in these discriminatory practices with malice and/or reckless indifference to plaintiff Brown's federally protected rights.

138.    The actions and conduct of the defendant and defendant's management and staff at KCPD were outrageous, because of their evil motive to damage or destroy plaintiff Brown's right to fair pay, right to equal treatment, or their reckless indifference or conscious disregard for the federally protected rights of Brown.

139.    Further, the above-described conduct of defendant KCPD interfered with plaintiff Brown's work performance and adversely affected plaintiff Brown's employment, health and home life.

140.    The actions and conduct set forth herein were outrageous and showed defendant KCPD's evil motive and/or reckless indifference and/or conscious disregard for the rights of plaintiff Brown and others similarly situated entitling plaintiff Brown to an award of punitive damages from defendant KCPD to punish defendant KCPD and to deter defendant KCPD and others from like conduct.

30

141.    Plaintiff Brown has been (and continues to be) damaged as a direct and proximate result of defendants' actions. In particular, plaintiff Brown has suffered injuries including, but not limited to:

a.    emotional pain and suffering;
b.    insult;
c.    mental distress;
d.    embarrassment;
e.    humiliation;
f.    anxiety; and
g.    inconvenience.

WHEREFORE, plaintiff Gleanice Brown requests that this Court, after a trial by jury of her claims, enter Judgment against defendant KCPD granting such relief as may be appropriate, including: a finding that he has been subjected to unlawful conduct prohibited by 42 U.S.C. § 2000e *et seq.;* reinstatement; injunctive orders; such actual and punitive damages as are fair and reasonable; plaintiff's reasonable attorneys' fees, expert witness fees and expenses as provided by 42 U.S.C. § 2000e 5(k),   the costs of this action; and for such further relief as the Court considers just and proper.

## COUNT VI
## Title VII - Sex and Gender Retaliation

COMES NOW plaintiff Gleanice Brown and for Count XVIII of this Complaint against defendant KCPD, states and alleges as follows:

142.    Plaintiff Brown adopts and incorporates all paragraphs of this Complaint as though fully set forth herein.

143.    This action is brought pursuant to 42 U.S.C. § 2000e *et seq.*

144.     Plaintiff Brown's complaints of sex and gender discrimination and harassment constituted a protected activity.

145.     By reason of Plaintiff Brown's complaints, defendant KCPD retaliated against plaintiff Brown resulting in plaintiff being harassed, unfairly disciplined, suspended and constructively terminated.

146.     At all times mentioned herein, the above-mentioned management and supervisory staff of defendant KCPD were agents, servants and employees of defendant KCPD acting within the course and scope of their employment.

147.     Defendant KCPD's retaliation against plaintiff Brown was intentional, willful, and malicious, and constituted a willful violation of plaintiff Brown's federally protected rights.

148.     At the time defendant KCPD retaliated against plaintiff Brown, defendant KCPD knew that such retaliation was unlawful.

149.     The actions and conduct set forth herein were outrageous and showed defendant KCPD's evil motive and/or reckless indifference and/or conscious disregard for the rights of plaintiff Brown and others similarly situated entitling plaintiff Brown to an award of punitive damages from defendant KCPD to punish and deter defendant and others from like conduct.

150.     Plaintiff Brown has been (and continues to be) damaged as a direct and proximate result of defendants' actions. In particular, plaintiff Brown has suffered injuries including, but not limited to:

          a.     emotional pain and suffering;
          b.     insult;
          c.     mental distress;
          d.     embarrassment;

e.    humiliation;
f.    anxiety; and
g.    inconvenience.

WHEREFORE, plaintiff Gleanice Brown requests that this Court, after a trial by jury of her claims, enter Judgment against defendant KCPD granting such relief as may be appropriate, including: a finding that she has been subjected to unlawful conduct, including sex discrimination, harassment and retaliation, prohibited by 42 U.S.C. § 2000e *et seq.;* reinstatement; injunctive orders; such actual and punitive damages as are fair and reasonable; plaintiff's reasonable attorneys' fees, expert witness fees and expenses as provided by 42 U.S.C. § 2000e 5(k),  the costs of this action; and for such further relief as the Court considers just and proper.

**COUNT VII**
**42 U.S.C. § 623, *et seq.* - Age Discrimination in Employment Act (ADEA)**

COMES NOW plaintiff Gleanice Brown and for Count VII of this Complaint against defendant KCPD, states and alleges as follows:

151.    Plaintiff Brown adopts and incorporates all paragraphs of this Complaint as though fully set forth herein.

152.    This action is brought pursuant to Age Discrimination in Employment Act (ADEA); 42 U.S.C. § 623 *et seq.*

153.    During the course and scope of plaintiff Brown's employment, defendant KCPD's agents, employees and representatives, acting within the course and scope of their employment, engaged in a pattern and practice of intentional discrimination, and intentional discrimination

33

and harassment of plaintiff Brown based on her age, in violation of 42 U.S.C. § 623 *et seq.*

154.   The harassment and discrimination had the purpose and effect of unreasonably interfering with plaintiff Brown's work performance thereby creating an intimidating, hostile and offensive working environment.

155.   The actions and conduct of defendant KCPD's agents, employees and representatives, acting within the course and scope of employment, created an intimidating, hostile and offensive working environment thereby detrimentally affecting plaintiff Brown.

156.   The conduct of defendant KCPD and its agents, employees and representatives described herein would have offended a reasonable person of the same age and under the same or similar circumstances as plaintiff Brown.

157.   Defendant KCPD has harassed and discriminated against plaintiff Brownbased on her age.

158.   The allegations of performance problems were a pretext for defendant KCPD to constructively terminate plaintiff Brown.

159.   Defendant KCPD was and is aware of plaintiff Brown's age, in that plaintiff Brown's employment records show that, at all time mentioned herein, he was over the age of forty (40).

160.   After constructively terminating plaintiff Brown, defendant KCPD hired a younger worker to replace plaintiff Brown's position.

161.   Defendant KCPD and its management level employees knew or should have known of the age discrimination and harassment described herein but failed to take appropriate

34

action to address the discrimination and further failed to implement effective and appropriate procedures to stop and remedy the racial discrimination and harassment.

162. By failing to conduct a prompt investigation of plaintiff Brown's allegations of age discrimination, defendant exacerbated the discriminatory and hostile work environment to which plaintiff Brown was subjected.

163. Defendant KCPD, by and through its agents, employees and representatives, engaged in these discriminatory practices with malice or reckless indifference to plaintiff Brown's federally protected rights.

164. The actions and conduct set forth herein were outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of plaintiff Brown and others similarly situated, entitling plaintiff Brown to punitive damages from defendant KCPD to punish defendant and to deter defendant and others from like conduct.

165. As a direct and proximate cause of the actions and conduct set forth herein, plaintiff Brown has suffered and will continue to suffer damages, including lost wages, decreased retirement benefits and emotional distress.

166. Plaintiff Brown has been (and continues to be) damaged as a direct and proximate result of defendant KCPD's actions causing plaintiff Brown severe and continuing injuries, including, but not limited to:

      a.      emotional pain and suffering;
      b.      insult;
      c.      mental distress;
      d.      embarrassment;
      e.      humiliation;
      f.      anxiety; and

35

g.     inconvenience.

WHEREFORE, plaintiff Gleanice Brown requests that this Court, after a trial by jury of her claims, enter Judgment against defendant KCPD granting such relief as may be appropriate, including: a finding that he has been subjected to unlawful age discrimination and harassment prohibited by 42 U.S.C. § 623 *et seq*.; reinstatement; an award of such compensatory and punitive damages as are fair and reasonable; equitable relief; plaintiff's reasonable attorneys' fees, expert witness fees and expenses, the costs of this action; and for such further relief as the Court considers just and proper.

## COUNT VIII
### 42 U.S.C. § 623 *et seq.* - Age Retaliation

COMES NOW plaintiff Gleanice Brown, and for Count VIII of this Complaint against defendant KCPD, states and alleges as follows:

167.     Plaintiff Brown adopts and incorporates all paragraphs of this Complaint as though fully set forth herein.

168.     This action is brought pursuant to 42 U.S.C. § 623 *et seq*.

169.     Defendant KCPD retaliated against plaintiff Brown based on her age.

170.     The allegations of performance problems were a pretext to plaintiff Brown's termination by defendant KCPD.

171.     Defendant KCPD was and is aware of plaintiff Brown's age, in that plaintiff Brown's employment records show that, at all time mentioned herein, she was over the age of forty (40), but defendant KCPD nevertheless retaliated against plaintiff Brown based on her age.

36

172.     Plaintiff Brown's complaints of age discrimination and harassment constituted a protected activity.

173.     By reason of plaintiff Brown's age and complaints, defendant KCPD retaliated against plaintiff Brown resulting in plaintiff Brown being harassed, unfairly disciplined, threatened, constructively discharged, and replaced by a younger detective.

174.     At all times mentioned herein, the above mentioned individuals were agents, servants and employees of defendant KCPD acting within the course and scope of their employment.

175.     Defendant KCPD's retaliation against plaintiff Brown was intentional, willful and malicious, and constituted a willful violation of plaintiff Brown's federally protected rights.

176.     At the time defendant KCPD retaliated against plaintiff Brown, defendant KCPD knew that such retaliation was unlawful.

177.     The actions and conduct set forth herein were outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of plaintiff Brown and others similarly situated entitling plaintiff Brown to an award of punitive damages from defendant KCPD to punish and deter defendant and others from like conduct.

178.     Plaintiff Brown has been (and continues to be) damaged as a direct and proximate result of defendant KCPD's actions causing plaintiff Brown severe and continuing injuries, including, but not limited to:

    a.     emotional pain and suffering;
    b.     insult;
    c.     mental distress;
    d.     embarrassment;

37

e.     humiliation;
f.     anxiety; and
g.     inconvenience.

WHEREFORE, plaintiff Gleanice Brown requests that this Court, after a trial by jury of her claims, enter Judgment against defendant KCPD granting such relief as may be appropriate, including: a finding that he has been subjected to unlawful age discrimination, retaliation and harassment prohibited by 42 U.S.C. § 623 *et seq.*; reinstatement; an award of such compensatory and punitive damages as are fair and reasonable; equitable relief; plaintiff's reasonable attorneys' fees, expert witness fees and expenses, the costs of this action; and for such further relief as the Court considers just and proper.

## COUNT IX
## Title VII – Racial Discrimination and Harassment

COMES NOW plaintiff Latondra Moore and for Count IX of this Complaint against defendant KCPD, states and alleges as follows:

179.     Plaintiff Moore adopts and incorporates all paragraphs of this Complaint as though fully set forth herein.

180.     Plaintiff Moore is still lawfully employed as a Detective at KCPD in the Crimes Against Children Unit (hereinafter referred to as the "CAC").

181.     This action is brought pursuant to 42 U.S.C. § 2000e *et seq.*

182.     Plaintiff Moore's complaints of racial discrimination and harassment constituted a protected activity.

183.     During the course and scope of plaintiff Moore's employment, defendant KCPD's

38

agent, employees and representatives, acting within the course and scope of their employment, engaged in a pattern and practice of intentional discrimination and harassment of plaintiff Moore based on her race, in violation of 703(a) of Title VII, 42 U.S.C. §2000e 2(a) and §2000e 3(a).

184.    The harassment and discrimination shown through the unequal distribution of casework and administrative work, harassment from other supervisors and management staff, unfair and unregulated tendencies to not follow policies and proceudres, unequal promotion practices, unequal pay practices, unequal punishments, improper and biased investigative practices, and discriminatory punishment practices of defendant KCPD's management had the purpose and effect of unreasonably interfering with plaintiff Moore's work performance thereby creating an abusive, hostile, offensive and intimidating work environment.

185.    Defendant violated plaintiff Moore's civil rights by suspending plaintiff Moore's employment based on plaintiff Moore's complaints of race and gender discrimination, intimidation based on plaintiff Moore's race and gender and denial of the same terms and conditions of employment including advancement opportunities given to other employees but denied plaintiff Moore because of plaintiff Moore's race and gender.

186.    The actions and conduct of defendant's representatives acting within the course and scope of employment created an abusive, hostile, offensive and intimidating work environment by allowing the unequal distribution of casework and administrative work, harassment by supervisors and management staff, unfair, unregulated, and inconsistent application of policies and procedures, improper investigative practices, intentionally leaking false statements to the media, unequal promotion practices and distribution of time spent

39

working compared to similarly situated Caucasian Male detectives and officers, and discriminatory punishments imposed by the management, and thereby detrimentally affecting plaintiff Moore.

187.    The unequal distribution of casework and administrative work, harassment by supervisors and management staff, unfair and unregulated tendencies to not follow policies and procedures, improper investigative practices, inconsistent applications of policy, leaking false statements to the media, unequal promotion practices, unequal pay practices, unequal distribution of time spent working compared to similarly situated Caucasian Male detectives and officers, and discriminatory punishment practices of the management staff would have detrimentally affected a reasonable person of the same race  under the same or similar circumstances as plaintiff Moore's.

188.    Defendant KCPD knew or should have known of the pervasive harassment and racial discrimination problems described herein, but failed to address the problem and further failed to implement effective and appropriate procedures to stop and remedy the harassment and racial discrimination.

189.    Defendant KCPD fostered a hostile and abusive work environment where plaintiff Moore worked by failing to provide an effective anti-harassment training program for supervisors, managers and employees, both in general, and for Sgt. Seward, Sgt. Zink, Sgt. Murray, Major Lindaman, Captain Paulson and Captain Berquist, in particular.

190.    The conduct of defendant KCPD's supervisors, managers and employees, including Sgt. Seward, Sgt. Zink, Sgt. Murray, Major Lindaman, Captain Paulson and Captain

Berquist, in speaking to or allowing other staff to treat plaintiff Moore with public ridicule, mockery, and racially harassing and insulting terminology was severe and pervasive enough to create a work environment that a reasonable person would consider hostile and abusive.

191.    By failing to conduct a prompt investigation of plaintiff Moore's complaints of race and gender discrimination, defendant KCPD exacerbated the discriminatory and hostile work environment to which plaintiff Moore was subjected.

192.    Defendant KCPD, by and through its agents and employees engaged in these discriminatory practices with malice and/or reckless indifference to plaintiff Moore's federally protected rights.

193.    The actions and conduct of defendant KCPD's staff were outrageous, because of their evil motive to damage or destroy plaintiff Moore's right to fair pay and right to equal treatment, and/or their reckless indifference or conscious disregard for the federally protected rights of Moore.

194.    Further, the above-described conduct of defendant KCPD interfered with plaintiff Moore's work performance and adversely affected plaintiff Moore's employment, health and home life.

195.    The actions and conduct set forth herein were outrageous and showed evil motive and/or reckless indifference and/or conscious disregard for the rights of plaintiff Moore and others similarly situated entitling plaintiff Moore to punitive damages from defendant KCPD to punish defendant and to deter defendant and others from like conduct.

196.    Plaintiff Moore has been (and continues to be) damaged as a direct and proximate

result of defendant KCPD's actions causing plaintiff Moore severe and continuing injuries, including, but not limited to:

a.   emotional pain and suffering;
b.   insult;
c.   mental distress;
d.   embarrassment;
e.   humiliation;
f.   anxiety; and
g.   inconvenience.

WHEREFORE, plaintiff Latondra Moore requests that this Court, after a trial by jury of her claims, enter Judgment against defendant KCPD granting such relief as may be appropriate, including: a finding that she has been subjected to unlawful conduct prohibited by 42 U.S.C. § 2000e *et seq.;* reinstatement; injunctive orders; such actual and punitive damages as are fair and reasonable; plaintiff's reasonable attorneys' fees, expert witness fees and expenses as provided by 42 U.S.C. § 2000e 5(k), the costs of this action; and for such further relief as the Court considers just and proper.

## COUNT X
### Title VII - Race Retaliation

COMES NOW plaintiff Latondra Moore and for Count X of this Complaint against defendant KCPD, states and alleges as follows:

197.   Plaintiff Moore adopts and incorporates all paragraphs of this Complaint as though fully set forth herein.

198.   This action is brought pursuant to 42 U.S.C. § 2000e *et seq.*

199.   Plaintiff Moore's complaints of racial discrimination and harassment constituted a

42

protected activity.

200.   By reason of plaintiff Moore's complaints, defendant KCPD retaliated against plaintiff Moore resulting in plaintiff being harassed, unfairly disciplined and suspended.

201.   At all times mentioned herein, the above-mentioned management and supervisory staff of defendant KCPD were agents, servants and employees of defendant KCPD acting within the course and scope of their employment.

202.   Defendant KCPD's retaliation against plaintiff Moore was intentional, willful, and malicious, and constituted a willful violation of plaintiff Moore's federally protected rights.

203.   At the time defendant KCPD retaliated against plaintiff Moore, defendant KCPD knew that such retaliation was unlawful.

204.   The actions and conduct set forth herein were outrageous and showed evil motive and/or reckless indifference and/or conscious disregard for the rights of plaintiff Moore and others similarly situated entitling plaintiff Moore to punitive damages from defendant KCPD to punish and deter defendant and others from like conduct.

205.   Plaintiff Moore has been (and continues to be) damaged as a direct and proximate result of defendant KCPD's actions causing plaintiff Moore severe and continuing injuries, including, but not limited to:

      a.      emotional pain and suffering;
      b.      insult;
      c.      mental distress;
      d.      embarrassment;
      e.      humiliation;
      f.      anxiety; and
      g.      inconvenience.

43

WHEREFORE, plaintiff Latondra Moore requests that this Court, after a trial by jury of her claims, enter Judgment against defendant KCPD granting such relief as may be appropriate, including: a finding that she has been subjected to unlawful conduct prohibited by 42 U.S.C. § 2000e *et seq.;* reinstatement; injunctive orders; such actual and punitive damages as are fair and reasonable; plaintiff's reasonable attorneys' fees, expert witness fees and expenses as provided by 42 U.S.C. § 2000e 5(k), the costs of this action; and for such further relief as the Court considers just and proper.

## COUNT XI
## Violation of 42 U.S.C. §1981

COMES NOW plaintiff Latondra Moore and for Count XI of this Complaint against defendant KCPD, states and alleges as follows:

206.    Plaintiff Moore adopts and incorporates all paragraphs of this Complaint as though fully set forth herein.

207.    This action is brought pursuant to 42 U.S.C. § 1981.

208.    During the course and scope of plaintiff Moore's employment, defendant KCPD's representatives, agents and employees, acting within the course and scope of their employment, engaged in a pattern and practice of intentional discrimination against plaintiff Moore based on her race in the making and enforcing of a contract.

209.    Defendant KCPD, by and through its representatives, agents, and employees, engaged in these discriminatory practices with malice and/or reckless indifference to plaintiff Moore's federally protected rights.

44

210.    The actions and conduct set forth herein were outrageous and showed evil motive and/or reckless indifference and/or conscious disregard for the rights of plaintiff Moore and others similarly situated entitling plaintiff Moore to an award of punitive damages from defendant KCPD to punish defendant and to deter it and others from like conduct.

211.    As a direct and proximate cause of the actions and conduct set forth herein, plaintiff Moore has suffered and will continue to suffer damages including lost wages and emotional distress.

212.    Plaintiff Moore has been (and continues to be) damaged as a direct and proximate result of defendant KCPD's  actions causing plaintiff Moore severe and continuing injuries, including, but not limited to:

    a.    emotional pain and suffering;
    b.    insult;
    c.    mental distress;
    d.    embarrassment;
    e.    humiliation;
    f.    anxiety; and
    g.    inconvenience.

WHEREFORE, plaintiff Latondra Moore requests that this Court, after a trial by jury of her claims, enter Judgment against defendant KCPD granting such relief as may be appropriate, including: a finding that she has been subjected to unlawful conduct prohibited by 42 U.S.C. § 1981; reinstatement; injunctive orders; such actual and punitive damages as are fair and reasonable; plaintiff's reasonable attorneys' fees, expert witness fees and expenses,  the costs of this action; and for such further relief as the Court considers just and proper.

### COUNT XII
### 42 U.S.C. § 1981 - Race Retaliation

45

COMES NOW plaintiff Latondra Moore and for Count XII of this Complaint against defendant KCPD, states and alleges as follows:

213.    Plaintiff Moore adopts and incorporates all paragraphs of this Complaint as though fully set forth herein.

214.    This action is brought pursuant to 42 U.S.C. § 1981.

215.    Plaintiff Moore's complaints of racial discrimination and harassment constituted a protected activity.

216.    By reason of plaintiff Moore's complaints, defendant KCPD retaliated against plaintiff Moore resulting in plaintiff Moore being harassed, unfairly disciplined and suspended.

217.    At all times mentioned herein, the above-mentioned management and supervisory staff of defendant KCPD were agents, servants and employees of defendant KCPD acting within the course and scope of their employment.

218.    Defendant KCPD's retaliation against plaintiff Moore was intentional, willful, and malicious, and constituted a willful violation of plaintiff Moore's federally protected rights.

219.    At the time defendant KCPD retaliated against plaintiff Moore, defendant KCPD knew that such retaliation was unlawful.

220.    The actions and conduct set forth herein were outrageous and showed evil motive and/or reckless indifference and/or conscious disregard for the rights of plaintiff Moore and others similarly situated entitling plaintiff Moore to an award of punitive damages from defendant KCPD to punish and deter defendant and others from like conduct.

46

221.    As a direct and proximate cause of the actions and conduct set forth herein, plaintiff Moore has suffered and will continue to suffer damages including lost wages and emotional distress.

222.    Plaintiff Moore has been (and continues to be) damaged as a direct and proximate result of defendant KCPD's actions causing plaintiff Moore severe and continuing injuries, including, but not limited to:

a.    emotional pain and suffering;
b.    insult;
c.    mental distress;
d.    embarrassment;
e.    humiliation;
f.    anxiety; and
g.    inconvenience.

WHEREFORE, plaintiff Latondra Moore requests that this Court, after a trial by jury of her claims, enter Judgment against defendant KCPD granting such relief as may be appropriate, including: a finding that he has been subjected to unlawful conduct, including racial discrimination, harassment and retaliation prohibited by 42 U.S.C. § 1981; reinstatement; injunctive orders; such actual and punitive damages as are fair and reasonable; plaintiff's reasonable attorneys' fees, expert witness fees and expenses, the costs of this action; and for such further relief as the Court considers just and proper.

## COUNT XIII
### Title VII – Sex Discrimination and Harassment

COMES NOW plaintiff Latondra Moore and for Count XIII of this Complaint against defendant KCPD states and alleges as follows:

47

223. Plaintiff Moore adopts and incorporates all paragraphs of this Complaint as though fully set forth herein.

224. During the course and scope of plaintiff Moore's employment, defendant KCPD's agents, employees and representatives, acting within the course and scope of their employment, engaged in a pattern and practice of intentional discrimination and harassment of plaintiff Moore based on her sexuality and gender, in violation of 703(a) of Title VII, 42 U.S.C. §2000e 2(a) and §2000e 3(a).

225. The harassment and discrimination shown through the unequal distribution of casework and administrative work, harassment by supervisors and management staff, unfair and unregulated tendencies to not follow policies and procedures, improper investigative practices, inconsistent applications of policy, leaking false statements to the media, unequal promotion practices, unequal pay practices, unequal distribution of time spent working compared to similarly situated Caucasian Male detectives and officers, and discriminatory punishment practices of the management staff had the purpose and effect of unreasonably interfering with plaintiff Moore's work performance thereby creating an abusive, hostile, offensive and intimidating work environment.

226. Defendant KCPD violated plaintiff Moore's civil rights by suspending plaintiff Moore's employment based on plaintiff Moore's complaints of sex discrimination, sex discrimination, harassment based upon plaintiff Moore's sex, intimidation based upon plaintiff Moore's sex, and denial of the same terms and conditions of employment including advancement opportunities given to other employees but denied plaintiff Moore because of plaintiff Moore's

48

sex.

227. The actions and conduct of defendant KCPD's agents, employees and representatives, acting within the course and scope of employment created an abusive, hostile, offensive and intimidating work environment by allowing the unequal distribution of casework and administrative work, harassment by supervisors and management staff, unfair, unregulated, and inconsistent application of policies and procedures, improper investigative practices, intentionally leaking false statements to the media, unequal promotion practices and distribution of time spent working compared to similarly situated Caucasian Male detectives and officers, and discriminatory punishments imposed by the management, and thereby detrimentally affecting plaintiff Moore.

228. The unequal distribution of casework and administrative work, harassment from other supervisors and management staff, unfair and unregulated tendencies to not follow policies and procedures, improper investigative practices, inconsistent applications of policy, leaking false statements to the media, unequal promotion practices, unequal pay practices, unequal distribution of time spent working compared to similarly situated Caucasian male detectives and officers would have detrimentally affected a reasonable person of the same sex in the same or similar circumstances as plaintiff Moore.

229. Sgt. Murray, Sgt. Zink, Captain Paulson, Sgt. Seward and other management level employees knew or should have known of the pervasive harassment and sex discrimination problems described herein, but failed to address the problems and further failed to implement effective and appropriate procedures to stop and remedy the harassment and sex discrimination.

49

230.     Defendant KCPD fostered a hostile and abusive work environment where plaintiff Moore worked by failing to provide an effective anti-harassment training program for supervisors, managers and employees, both in general, and for Sgt. Murray, Sgt. Zink, Captain Paulson, and Sgt. Seward, in particular.

231.     The conduct of defendant KCPD and defendant KCPD's supervisors, managers and employees, including Sgt. Murray, Sgt. Zink, Captain Paulson, and Sgt. Seward, in speaking to or allowing other staff to treat plaintiff Moore with ridicule, mockery, and harassing and insulting terminology was severe and pervasive enough to create a work environment that a reasonable person under the same or similar circumstances would consider hostile and abusive.

232.     By failing to conduct a prompt investigation of plaintiff Moore's allegations of sex discrimination, defendant KCPD exacerbated the discriminatory and hostile work environment to which plaintiff Moore was subjected.

233.     Defendant KCPD, by and through its agents and employees, engaged in these discriminatory practices with malice and/or reckless indifference to plaintiff Moore's federally protected rights.

234.     The actions and conduct of the defendant and defendant's management and staff at KCPD were outrageous, because of their evil motive to damage or destroy plaintiff Moore's right to fair pay, right to equal treatment, or their reckless indifference or conscious disregard for the federally protected rights of Moore.

235.     Further, the above-described conduct of defendant KCPD interfered with plaintiff Moore's work performance and adversely affected plaintiff Moore's employment, health and

50

home life.

236.    The actions and conduct set forth herein were outrageous and showed defendant KCPD's evil motive and/or reckless indifference and/or conscious disregard for the rights of plaintiff Moore and others similarly situated entitling plaintiff Moore to an award of punitive damages from defendant KCPD to punish defendant KCPD and to deter defendant KCPD and others from like conduct.

237.    Plaintiff Moore has been (and continues to be) damaged as a direct and proximate result of defendants' actions. In particular, plaintiff Moore has suffered injuries including, but not limited to:

a.    emotional pain and suffering;
b.    insult;
c.    mental distress;
d.    embarrassment;
e.    humiliation;
f.    anxiety; and
g.    inconvenience.

WHEREFORE, plaintiff Latondra Moore requests that this Court, after a trial by jury of her claims, enter Judgment against defendant KCPD granting such relief as may be appropriate, including: a finding that he has been subjected to unlawful conduct prohibited by 42 U.S.C. § 2000e *et seq.;* reinstatement; injunctive orders; such actual and punitive damages as are fair and reasonable; plaintiff's reasonable attorneys' fees, expert witness fees and expenses as provided by 42 U.S.C. § 2000e 5(k),   the costs of this action; and for such further relief as the Court considers just and proper.

**<u>COUNT XIV</u>**
**Title VII - Sex and Gender Retaliation**

51

COMES NOW plaintiff Latondra Moore and for Count XVIII of this Complaint against defendant KCPD, states and alleges as follows:

238.    Plaintiff Moore adopts and incorporates all paragraphs of this Complaint as though fully set forth herein.

239.    This action is brought pursuant to 42 U.S.C. § 2000e *et seq.*

240.    Plaintiff Moore's complaints of sex and gender discrimination and harassment constituted a protected activity.

241.    By reason of Plaintiff Moore's complaints, defendant KCPD retaliated against plaintiff Moore resulting in plaintiff being harassed, unfairly disciplined, and suspended.

242.    At all times mentioned herein, the above-mentioned management and supervisory staff of defendant KCPD were agents, servants and employees of defendant KCPD acting within the course and scope of their employment.

243.    Defendant KCPD's retaliation against plaintiff Moore was intentional, willful, and malicious, and constituted a willful violation of plaintiff Moore's federally protected rights.

244.    At the time defendant KCPD retaliated against plaintiff Moore, defendant KCPD knew that such retaliation was unlawful.

245.    The actions and conduct set forth herein were outrageous and showed defendant KCPD's evil motive and/or reckless indifference and/or conscious disregard for the rights of plaintiff Moore and others similarly situated entitling plaintiff Moore to an award of punitive damages from defendant KCPD to punish and deter defendant and others from like conduct.

246.    Plaintiff Moore has been (and continues to be) damaged as a direct and proximate result of defendants' actions. In particular, plaintiff Moore has suffered injuries including, but not limited to:

      a.     emotional pain and suffering;
      b.     insult;
      c.     mental distress;
      d.     embarrassment;
      e.     humiliation;
      f.     anxiety; and
      g.     inconvenience.

WHEREFORE, plaintiff Latondra Moore requests that this Court, after a trial by jury of her claims, enter Judgment against defendant KCPD granting such relief as may be appropriate, including: a finding that she has been subjected to unlawful conduct, including sex discrimination, harassment and retaliation, prohibited by 42 U.S.C. § 2000e *et seq.;* reinstatement; injunctive orders; such actual and punitive damages as are fair and reasonable; plaintiff's reasonable attorneys' fees, expert witness fees and expenses as provided by 42 U.S.C. § 2000e 5(k),  the costs of this action; and for such further relief as the Court considers just and proper.

## COUNT XV
### Title VII – Racial Discrimination and Harassment

COMES NOW plaintiff Tamara Solomon and for Count XV of this Complaint against defendants KCPD and FOP, states and alleges as follows:

247.    Plaintiff Solomon adopts and incorporates all paragraphs of this Complaint as though fully set forth herein.

53

248.     Plaintiff Solomon was lawfully employed as a Detective at KCPD in the Crimes Against Children Unit (hereinafter referred to as the "CAC"), until her termination on February 18, 2020.

249.     This action is brought pursuant to 42 U.S.C. § 2000e *et seq.*

250.     Plaintiff Solomon's complaints of racial discrimination and harassment constituted a protected activity.

251.     During the course and scope of plaintiff Solomon's employment, defendant KCPD's agent, employees and representatives, acting within the course and scope of their employment, engaged in a pattern and practice of intentional discrimination and harassment of plaintiff Solomon based on her race, in violation of 703(a) of Title VII, 42 U.S.C. §2000e 2(a) and §2000e 3(a).

252.     During the course and scope of plaintiff Solomon's employment, defendant FOP's agent, employees and representatives, acting within the course and scope of their employment, engaged in a pattern and practice of intentional discrimination of plaintiff Solomon based on her race, in violation of 703(a) of Title VII, 42 U.S.C. §2000e 2(a) and §2000e 3(a).

253.     Regarding defendant KCPD, the harassment and discrimination shown through The unequal distribution of casework and administrative work, harassment from other supervisors and management staff, unfair and unregulated tendencies to not follow policies and proceudres, unequal promotion practices, unequal pay practices, unequal punishments, improper and biased investigative practices, and discriminatory punishment practices of defendant KCPD's management had the purpose and effect of unreasonably interfering with plaintiff

54

Solomon's work performance thereby creating an abusive, hostile, offensive and intimidating work environment.

254.    Defendant KCPD violated plaintiff Solomon's civil rights by suspending plaintiff Solomon's employment based on plaintiff Solomon's complaints of race and gender discrimination, intimidation based on plaintiff Solomon's race and gender; and denial of the same terms and conditions of employment including advancement opportunities given to other employees but denied plaintiff Solomon because of plaintiff Solomon's race and gender.

255.    Defendant FOP violated plaintiff Solomon's civil rights by refusing and failing to provide any legal counsel, defense or aid to plaintiff Solomon, because of plaintiff Solomon's race and gender.

256.    The actions and conduct of defendant KCPD's  representatives acting within the course and scope of employment created an abusive, hostile, offensive and intimidating work environment by allowing the unequal distribution of casework and administrative work, harassment by supervisors and management staff, unfair and unregulated tendencies to not follow policies and procedures, improper investigative practices, inconsistent applications of policy, leaking false statements to the media, unequal promotion practices, unequal pay practices, unequal distribution of time spent working compared to similarly situated Caucasian Male detectives and officers, and discriminatory punishment practices of the management thereby detrimentally affecting plaintiff Solomon.

257.    The unequal distribution of casework and administrative work, harassment by supervisors and management staff, unfair and unregulated tendencies to not follow policies and

procedures, improper investigative practices, inconsistent applications of policy, leaking false statements to the media, unequal promotion practices, unequal pay practices, unequal distribution of time spent working compared to similarly situated Caucasian Male detectives and officers, and discriminatory punishment practices of the management staff would have detrimentally affected a reasonable person of the same race under the same or similar circumstances as plaintiff Solomon's.

258.    Defendant FOP's refusal and failure to provide any legal representation or counsel compared to similarly situated Caucasian male detectives and officers, and discriminatory punishment practices of providing legal services to only Caucasian male detectives and officers would have detrimentally affected a reasonable person of the same race under the same or similar circumstances as plaintiff Solomon's.

259.    Defendant KCPD knew or should have known of the pervasive harassment and racial discrimination problems described herein, but failed to address the problem and further failed to implement effective and appropriate procedures to stop and remedy the harassment and racial discrimination.

260.    Defendant KCPD fostered a hostile and abusive work environment where plaintiff Solomon worked by failing to provide an effective anti-harassment training program for supervisors, managers and employees, both in general, and for Sgt. Seward, Sgt. Zink, Sgt. Murray, Major Lindaman, Captain Paulson and Captain Berquist, in particular.

261.    The conduct of defendant KCPD's supervisors, managers and employees, including Sgt. Seward, Sgt. Zink, Sgt. Murray, Major Lindaman, Captain Paulson and Captain

Berquist, in speaking to or allowing other staff to treat plaintiff Solomon with public ridicule, mockery, and racially harassing and insulting terminology was severe and pervasive enough to create a work environment that a reasonable person would consider hostile and abusive.

262.    By failing to conduct a prompt investigation of plaintiff Solomon's complaints of race and gender discrimination, defendant KCPD and FOP exacerbated the discriminatory and hostile work environment to which plaintiff Solomon was subjected.

263.    Defendants KCPD and FOP, by and through its agents and employees engaged in these discriminatory practices with malice and/or reckless indifference to plaintiff Solomon's federally protected rights.

264.    The actions and conduct of defendants KCPD and FOP's staff were outrageous, because of their evil motive to damage or destroy plaintiff Solomon's right to fair pay and right to equal treatment, and/or their reckless indifference or conscious disregard for the federally protected rights of Solomon.

265.    Further, the above-described conduct of defendants KCPD and FOP interfered with plaintiff Solomon's work performance and adversely affected plaintiff Solomon's employment, health and home life.

266.    The actions and conduct set forth herein were outrageous and showed evil motive and/or reckless indifference and/or conscious disregard for the rights of plaintiff Solomon and others similarly situated entitling plaintiff Solomon to punitive damages from defendants KCPD and FOP to punish defendant and to deter defendants and others from like conduct.

267.    Plaintiff Solomon has been (and continues to be) damaged as a direct and

proximate result of defendants KCPD and FOP's actions causing plaintiff Solomon severe and continuing injuries, including, but not limited to:

     a.    emotional pain and suffering;
     b.    insult;
     c.    mental distress;
     d.    embarrassment;
     e.    humiliation;
     f.    anxiety; and
     g.    inconvenience.

WHEREFORE, plaintiff Tamara Solomon requests that this Court, after a trial by jury of her claims, enter Judgment against defendants KCPD and FOP granting such relief as may be appropriate, including: a finding that she has been subjected to unlawful conduct prohibited by 42 U.S.C. § 2000e *et seq.;* reinstatement; injunctive orders; such actual and punitive damages as are fair and reasonable; plaintiff's reasonable attorneys' fees, expert witness fees and expenses as provided by 42 U.S.C. § 2000e 5(k), the costs of this action; and for such further relief as the Court considers just and proper.

## COUNT XVI
### Title VII - Race Retaliation

COMES NOW plaintiff Tamara Solomon and for Count XVI of this Complaint against defendant KCPD, states and alleges as follows:

268.    Plaintiff Solomon adopts and incorporates all paragraphs of this Complaint as though fully set forth herein.

269.    This action is brought pursuant to 42 U.S.C. § 2000e *et seq.*

270.    Plaintiff Solomon's complaints of racial discrimination and harassment

58

constituted a protected activity.

271.    By reason of plaintiff Solomon's complaints, defendant KCPD retaliated against plaintiff Solomon resulting in plaintiff being harassed, unfairly disciplined, suspended and terminated.

272.    At all times mentioned herein, the above-mentioned management and supervisory staff of defendant KCPD were agents, servants and employees of defendant KCPD acting within the course and scope of their employment.

273.    Defendant KCPD's retaliation against plaintiff Solomon was intentional, willful, and malicious, and constituted a willful violation of plaintiff Solomon's federally protected rights.

274.    At the time defendant KCPD retaliated against plaintiff Solomon, defendant KCPD knew that such retaliation was unlawful.

275.    The actions and conduct set forth herein were outrageous and showed evil motive and/or reckless indifference and/or conscious disregard for the rights of plaintiff Solomon and others similarly situated entitling plaintiff Solomon to punitive damages from defendant KCPD to punish and deter defendant and others from like conduct.

276.    Plaintiff Solomon has been (and continues to be) damaged as a direct and proximate result of defendant KCPD's actions causing plaintiff Solomon severe and continuing injuries, including, but not limited to:

        a.    emotional pain and suffering;
        b.    insult;
        c.    mental distress;
        d.    embarrassment;

e.  humiliation;
f.  anxiety; and
g.  inconvenience.

WHEREFORE, plaintiff Tamara Solomon requests that this Court, after a trial by jury of her claims, enter Judgment against defendant KCPD granting such relief as may be appropriate, including: a finding that she has been subjected to unlawful conduct prohibited by 42 U.S.C. § 2000e *et seq.;* reinstatement; injunctive orders; such actual and punitive damages as are fair and reasonable; plaintiff's reasonable attorneys' fees, expert witness fees and expenses as provided by 42 U.S.C. § 2000e 5(k),  the costs of this action; and for such further relief as the Court considers just and proper.

## COUNT XVII
### Violation of 42 U.S.C. §1981

COMES NOW plaintiff Tamara Solomon and for Count XVII of this Complaint against defendants KCPD and FOP, states and alleges as follows:

277.    Plaintiff Solomon adopts and incorporates all paragraphs of this Complaint as though fully set forth herein.

278.    This action is brought pursuant to 42 U.S.C. § 1981.

279.    During the course and scope of plaintiff Solomon's employment, defendants KCPD and FOP's representatives, agents and employees, acting within the course and scope of their employment, engaged in a pattern and practice of intentional discrimination against plaintiff Solomon based on her race in the making and enforcing of a contract.

280.    Defendants KCPD and FOP, by and through its representatives, agents, and

60

employees, engaged in these discriminatory practices with malice and/or reckless indifference to plaintiff Solomon's federally protected rights.

281.    The actions and conduct set forth herein were outrageous and showed evil motive and/or reckless indifference and/or conscious disregard for the rights of plaintiff Solomon and others similarly situated entitling plaintiff Solomon to an award of punitive damages from defendants KCPD and FOP to punish defendant and to deter it and others from like conduct.

282.    As a direct and proximate cause of the actions and conduct set forth herein, plaintiff Solomon has suffered and will continue to suffer damages including lost wages and emotional distress.

283.    Plaintiff Solomon has been (and continues to be) damaged as a direct and proximate result of defendants KCPD and FOP's  actions causing plaintiff Solomon severe and continuing injuries, including, but not limited to:

    a.    emotional pain and suffering;
    b.    insult;
    c.    mental distress;
    d.    embarrassment;
    e.    humiliation;
    f.    anxiety; and
    g.    inconvenience.

WHEREFORE, plaintiff Tamara Solomon requests that this Court, after a trial by jury of her claims, enter Judgment against defendants KCPD and FOP granting such relief as may be appropriate, including: a finding that she has been subjected to unlawful conduct prohibited by 42 U.S.C. § 1981; reinstatement; injunctive orders; such actual and punitive damages as are fair and reasonable; plaintiff's reasonable attorneys' fees, expert witness fees and expenses,  the costs

61

of this action; and for such further relief as the Court considers just and proper.

**COUNT XVIII**
**42 U.S.C. § 1981 - Race Retaliation**

COMES NOW plaintiff Tamara Solomon and for Count XVIII of this Complaint against defendant KCPD, states and alleges as follows:

284.    Plaintiff Solomon adopts and incorporates all paragraphs of this Complaint as though fully set forth herein.

285.    This action is brought pursuant to 42 U.S.C. § 1981.

286.    Plaintiff Solomon's complaints of racial discrimination and harassment constituted a protected activity.

287.    By reason of plaintiff Solomon's complaints, defendant KCPD retaliated against plaintiff Solomon resulting in plaintiff Solomon being harassed, unfairly disciplined, suspended and terminated

288.    At all times mentioned herein, the above-mentioned management and supervisory staff of defendant KCPD were agents, servants and employees of defendant KCPD acting within the course and scope of their employment.

289.    Defendant KCPD's retaliation against plaintiff Solomon was intentional, willful, and malicious, and constituted a willful violation of plaintiff Solomon's federally protected rights.

290.    At the time defendant KCPD retaliated against plaintiff Solomon, defendant KCPD knew that such retaliation was unlawful.

62

291. The actions and conduct set forth herein were outrageous and showed evil motive and/or reckless indifference and/or conscious disregard for the rights of plaintiff Solomon and others similarly situated entitling plaintiff Solomon to an award of punitive damages from defendant KCPD to punish and deter defendant and others from like conduct.

292. As a direct and proximate cause of the actions and conduct set forth herein, plaintiff Solomon has suffered and will continue to suffer damages including lost wages and emotional distress.

293. Plaintiff Solomon has been (and continues to be) damaged as a direct and proximate result of defendant KCPD's actions causing plaintiff Solomon severe and continuing injuries, including, but not limited to:

a.  emotional pain and suffering;
b.  insult;
c.  mental distress;
d.  embarrassment;
e.  humiliation;
f.  anxiety; and
g.  inconvenience.

WHEREFORE, plaintiff Tamara Solomon requests that this Court, after a trial by jury of her claims, enter Judgment against defendant KCPD granting such relief as may be appropriate, including: a finding that he has been subjected to unlawful conduct, including racial discrimination, harassment and retaliation prohibited by 42 U.S.C. § 1981; reinstatement; injunctive orders; such actual and punitive damages as are fair and reasonable; plaintiff's reasonable attorneys' fees, expert witness fees and expenses, the costs of this action; and for such further relief as the Court considers just and proper.

63

**COUNT XIX**
**Title VII – Sex Discrimination and Harassment**

COMES NOW plaintiff Tamara Solomon and for Count XIX of this Complaint against defendants KCPD and FOP states and alleges as follows:

294.     Plaintiff Solomon adopts and incorporates all paragraphs of this Complaint as though fully set forth herein.

295.     During the course and scope of plaintiff Solomon's employment, defendants KCPD and FOP's agents, employees and representatives, acting within the course and scope of their employment, engaged in a pattern and practice of intentional discrimination and harassment of plaintiff Solomon based on her sexuality and gender, in violation of 703(a) of Title VII, 42 U.S.C. §2000e 2(a) and §2000e 3(a).

296.     The harassment and discrimination shown through the unequal distribution of casework and administrative work, harassment by supervisors and management staff, unfair and unregulated tendencies to not follow policies and procedures, improper investigative practices, inconsistent applications of policy, leaking false statements to the media, unequal promotion practices, unequal pay practices, unequal distribution of time spent working compared to similarly situated Caucasian Male detectives and officers, and discriminatory punishment practices of the management staff had the purpose and effect of unreasonably interfering with plaintiff Solomon's work performance thereby creating an abusive, hostile, offensive and intimidating work environment.

297.     Defendant KCPD violated plaintiff Solomon's civil rights by suspending and

64

terminating plaintiff Solomon's employment based on plaintiff Solomon's complaints of sex discrimination, sex discrimination, harassment based upon plaintiff Solomon's sex, intimidation based upon plaintiff Solomon's sex, and denial of the same terms and conditions of employment including advancement opportunities given to other employees but denied plaintiff Solomon because of plaintiff Solomon's sex.

298.    Defendant FOP violated plaintiff Solomon's civil rights by refusing and failing to provide any legal counsel, defense or aid to plaintiff Solomon, because of plaintiff Solomon's race and gender.

299.    The actions and conduct of defendant KCPD's agents, employees and representatives, acting within the course and scope of employment created an abusive, hostile, offensive and intimidating work environment by allowing the unequal distribution of casework and administrative work, harassment by supervisors and management staff, unfair, unregulated, and inconsistent application of policies and procedures, improper investigative practices, intentionally leaking false statements to the media, unequal promotion practices and distribution of time spent working compared to similarly situated Caucasian Male detectives and officers, and discriminatory punishments imposed by the management, and thereby detrimentally affecting plaintiff Solomon.

300.    The unequal distribution of casework and administrative work, harassment from other supervisors and management staff, unfair and unregulated tendencies to not follow policies and procedures, improper investigative practices, inconsistent applications of policy, leaking false statements to the media, unequal promotion practices, unequal distribution of time spent

65

working compared to similarly situated Caucasian male detectives and officers would have detrimentally affected a reasonable person of the same sex in the same or similar circumstances as plaintiff Solomon.

301.    Sgt. Murray, Sgt. Zink, Captain Paulson, Sgt. Seward and other management level employees knew or should have known of the pervasive harassment and sex discrimination problems described herein, but failed to address the problems and further failed to implement effective and appropriate procedures to stop and remedy the harassment and sex discrimination.

302.    Defendant KCPD fostered a hostile and abusive work environment where plaintiff Solomon worked by failing to provide an effective anti-harassment training program for supervisors, managers and employees, both in general, and for Sgt. Murray, Sgt. Zink, Captain Paulson, and Sgt. Seward, in particular.

303.    The conduct of defendant KCPD and defendant KCPD's supervisors, managers and employees, including Sgt. Murray, Sgt. Zink, Captain Paulson, and Sgt. Seward, in speaking to or allowing other staff to treat plaintiff Solomon with ridicule, mockery, and harassing and insulting terminology was severe and pervasive enough to create a work environment that a reasonable person under the same or similar circumstances would consider hostile and abusive.

304.    By failing to conduct a prompt investigation of plaintiff Solomon's allegations of sex discrimination, defendant KCPD exacerbated the discriminatory and hostile work environment to which plaintiff Solomon was subjected.

305.    Additionally, defendant FOP's refusal and failure to provide any legal representation or counsel compared to similarly situated Caucasian male detectives and officers,

66

and discriminatory punishment practices of providing legal services to only Caucasian male detectives and officers would have detrimentally affected a reasonable person of the same race under the same or similar circumstances as plaintiff Solomon's.

306. Defendants KCPD and FOP, by and through its agents and employees, engaged in these discriminatory practices with malice and/or reckless indifference to plaintiff Solomon's federally protected rights.

307. The actions and conduct of the defendants KCPD and FOP and defendants' management and staff at KCPD were outrageous, because of their evil motive to damage or destroy plaintiff Solomon's right to fair pay, right to equal treatment, or their reckless indifference or conscious disregard for the federally protected rights of Solomon.

308. Further, the above-described conduct of defendants KCPD and FOP interfered with plaintiff Solomon's work performance and adversely affected plaintiff Solomon's employment, health and home life.

309. The actions and conduct set forth herein were outrageous and showed defendants KCPD and FOP's evil motive and/or reckless indifference and/or conscious disregard for the rights of plaintiff Solomon and others similarly situated entitling plaintiff Solomon to an award of punitive damages from defendants KCPD and FOP to punish and to deter defendants and others from like conduct.

310. Plaintiff Solomon has been (and continues to be) damaged as a direct and proximate result of defendants' actions. In particular, plaintiff Solomon has suffered injuries including, but not limited to:

a. emotional pain and suffering;
b. insult;
c. mental distress;
d. embarrassment;
e. humiliation;
f. anxiety; and
g. inconvenience.

WHEREFORE, plaintiff Tamara Solomon requests that this Court, after a trial by jury of her claims, enter Judgment against defendants KCPD and FOP granting such relief as may be appropriate, including: a finding that he has been subjected to unlawful conduct prohibited by 42 U.S.C. § 2000e *et seq.;* reinstatement; injunctive orders; such actual and punitive damages as are fair and reasonable; plaintiff's reasonable attorneys' fees, expert witness fees and expenses as provided by 42 U.S.C. § 2000e 5(k), the costs of this action; and for such further relief as the Court considers just and proper.

## COUNT XX
### Title VII -Sex and Gender Retaliation

COMES NOW plaintiff Tamara Solomon and for Count XVIII of this Complaint against defendant KCPD, states and alleges as follows:

311. Plaintiff Solomon adopts and incorporates all paragraphs of this Complaint as though fully set forth herein.

312. This action is brought pursuant to 42 U.S.C. § 2000e *et seq.*

313. Plaintiff Solomon's complaints of sex and gender discrimination and harassment constituted a protected activity.

314. By reason of Plaintiff Solomon's complaints, defendant KCPD retaliated against

68

plaintiff Solomon resulting in plaintiff being harassed, unfairly disciplined, suspended and terminated.

315. At all times mentioned herein, the above-mentioned management and supervisory staff of defendant KCPD were agents, servants and employees of defendant KCPD acting within the course and scope of their employment.

316. Defendant KCPD's retaliation against plaintiff Solomon was intentional, willful, and malicious, and constituted a willful violation of plaintiff Solomon's federally protected rights.

317. At the time defendant KCPD retaliated against plaintiff Solomon, defendant KCPD knew that such retaliation was unlawful.

318. The actions and conduct set forth herein were outrageous and showed defendant KCPD's evil motive and/or reckless indifference and/or conscious disregard for the rights of plaintiff Solomon and others similarly situated entitling plaintiff Solomon to an award of punitive damages from defendant KCPD to punish and deter defendant and others from like conduct.

319. Plaintiff Solomon has been (and continues to be) damaged as a direct and proximate result of defendants' actions. In particular, plaintiff Solomon has suffered injuries including, but not limited to:

      a.    emotional pain and suffering;
      b.    insult;
      c.    mental distress;
      d.    embarrassment;
      e.    humiliation;
      f.    anxiety; and

g.  inconvenience.

WHEREFORE, plaintiff Tamara Solomon requests that this Court, after a trial by jury of her claims, enter Judgment against defendant KCPD granting such relief as may be appropriate, including: a finding that she has been subjected to unlawful conduct, including sex discrimination, harassment and retaliation, prohibited by 42 U.S.C. § 2000e *et seq.;* reinstatement; injunctive orders; such actual and punitive damages as are fair and reasonable; plaintiff's reasonable attorneys' fees, expert witness fees and expenses as provided by 42 U.S.C. § 2000e 5(k), the costs of this action; and for such further relief as the Court considers just and proper.

## JURY DEMAND

Plaintiffs Gleanice Brown, Latondra Moore and Tamara Solomon hereby request trial by jury of all issues triable by jury.

**THE STACY LAKE FIRM, LLC**

/s/ Stacy A. Lake
Stacy A. Lake
P.O. Box 412713
Kansas City, MO  64141
(913) 602-0787
stacylake808@gmail.com

**ATTORNEY FOR PLAINTIFFS**

70