**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| GLEANICE BROWN,<br>LATONDRA MOORE, and<br>TAMARA SOLOMON,<br><br>Plaintiffs,<br><br>v.<br><br>KANSAS CITY, MISSOURI BOARD<br>OF POLICE COMMISSIONERS,<br>BY AND THROUGH ITS MEMBERS,<br>DON WAGNER, MARK TOLBERT,<br>CATHY DEAN, NATHAN GARRETT<br>AND QUINTON LUCAS, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:20-CV-00920-DGK |

## ORDER REGARDING DISCOVERY DISPUTES

Plaintiffs are three female African-Americans who were formerly detectives in the Crimes Against Children Unit ("CAC") of the Kansas City, Missouri, Police Department ("KCPD"). They allege their immediate supervisors in the unit discriminated against them on the basis of their race, age, and gender, and the KCPD discriminated against them in how it punished them for alleged procedure and policy violations in the CAC. They are suing the Kansas City, Missouri, Board of Police Commissioners by and through its various members (collectively "Defendant BOPC" or "Defendant"), under various federal civil rights laws for discrimination, retaliation, and harassment based on race, age, and gender.

Now before the Court are numerous long-running discovery disputes the parties have been unable to resolve without the Court's intervention. For the following reasons, Plaintiffs' requests for relief are GRANTED IN PART and DENIED IN PART.

Additionally, as explained in the conclusion section of this order, the Court directs the parties to carefully comply with the letter and the spirit of the rules of discovery. Failure to do so may result in sanctions under Rule 11, Rule 26(g), Rule 37, 28 U.S.C. § 1927, or the Court's inherent authority.

## Background

These disputes initially covered an enormous number of topics, including Plaintiffs' collective request to have all of Defendant's objections to Plaintiffs' interrogatories waived because Defendant inadvertently late-served its responses,[1] forty-six of Plaintiff Solomon's fifty-seven requests for production of documents ("RFP"), nineteen of Solomon's twenty-one initial interrogatories, and a comparable number of interrogatories and RFPs involving the other two Plaintiffs. After repeated re-briefing of the issues and prodding by the Court to resolve these issues without its intervention, the parties managed to narrow down the issues somewhat for the Court to consider in a discovery dispute teleconference with the parties.

In its last order, after once again encouraging the parties to resolve at least some of these issues on their own, the Court issued specific instructions on how any remaining issues should be briefed. The Court instructed any party wishing to raise a remaining discovery issuing to file a memorandum that

> identifies by separately numbered paragraph each outstanding interrogatory and/or request for production by number that remains in dispute; (2) explains in detail with pinpoint citation to relevant legal authority (preferably 8th Circuit caselaw) why the opposing party's response to that particular interrogatory or request for

---

[1] The late responses were due to an administrative oversight; once the mistake was brought to Defense counsels' attention, the interrogatory responses were served that same day. Finding good cause for the delay, the Court excused the violation.

> production is insufficient; and (3) states the specific relief sought.
> The disputed request or response should be attached to the memo as
> an exhibit.

Order Re Disc. Disputes and Scheduling Order at 4, ECF No. 79.   These directions were identical
to those given in the Court's previous order.   ECF No. 63.

Plaintiffs' counsel subsequently filed three memorandum, one for each Plaintiff.   ECF
Nos. 80 (Plaintiff Brown), 81 (Plaintiff Moore), and 82 (Plaintiff Solomon).   Portions of all three
memos, however, do not comply with the Court's very specific instructions on how to identify and
brief these issues.

Defendant filed a single consolidated memorandum in response, which largely complied
with the Court's instructions.   ECF No. 83.

After reviewing the parties' filings at length, the Court determined a teleconference with
the parties would serve no useful purpose and decided to rule on the existing record, as the Court
previously advised the parties it might do.

**Analysis**

**I.      Any relief sought by Plaintiffs with respect to Defendant's RFP responses is denied.**

As a threshold matter, to the extent Plaintiffs are seeking any relief related to their RFPs,
it is denied.   The Court cannot tell if Plaintiffs are requesting the Court order Defendant to provide
additional documents in response to Plaintiffs' RFPs.   Each of Plaintiffs' discovery dispute
memos complain that "Defendant BOPC still has not provided adequate responses to . . . the
requests for production of documents," and "the documents requested by the plaintiffs in the RFPs
are needed in order to investigate her discrimination and retaliation claims."   Brown Mem. at 1,
Moore Mem. at 1, Solomon Mem. at 1 (each memo is worded identically).   Additionally,

3

throughout Plaintiffs' discussion of Defendant's interrogatory responses, Plaintiffs complain about Defendant's responses to their requests for production, asserting "Defendant failed to show specifically how each request for production is not relevant . . ." *See*, *e.g.*, Moore's Mem. at 3-10 (repeating the quoted phrase 19 times). Plaintiffs, however, have not identified a single RFP response as still being in dispute. Thus, the Court has no idea whether any RFPs are still in dispute, or if the complaints in Plaintiffs' briefs about Defendant's RFP answers are vestigial remnants from earlier briefs.

In any event, the Court holds that if there are any outstanding disputes concerning Plaintiffs' RFPs, Plaintiffs have failed to comply with the Court's order to specifically identify any RFP that is in dispute, and so any request for relief concerning Defendant's response to an RFP is denied.

## II. The relief sought with respect to Plaintiffs' interrogatories is granted in part.

The Court begins its analysis with a few observations.

### A. Defendant's answers use impermissible boilerplate objections extensively.

At the outset, the Court notes Defendant has used impermissible "boilerplate" objections extensively. By "boilerplate objection," the Court means an objection that "merely states the legal grounds for the objection without (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond to the request." *Smash Technology, LLC v. Smash Solutions, LLC*, 335 F.R.D. 438, 441 (D. Utah 2020). For example, an objection that asserts a request is "overly broad" or "irrelevant" without explaining why is a boilerplate objection. *Id*. Such objections "are taglines, completely devoid of any

4

individualized factual analysis," which are often "used repetitively in response to multiple discovery requests." *Id*.

The most obvious problem with these objections is that they violate the requirement in the Rules of Civil Procedure governing discovery "that 'the grounds for objecting' be 'stated with specificity' as to interrogatories and that objections to document requests be 'state[d] with specificity . . . including the reasons.'" *Id*. (quoting Fed. R. Civ. P. 33(b)(4) (governing interrogatory objections) and Fed. R. Civ. P. 34(b)(2)(B) (governing requests for production of documents)). The Court acknowledges that the use of "boilerplate" objections is painfully widespread in litigation, particularly "scorched earth" litigation where the strategy is to drive-up the opposing party's litigation costs. But the fact that they are used extensively in practice does not make the practice acceptable. The caselaw is clear that

> merely asserting boilerplate objections that the discovery sought is vague, ambiguous, overbroad, unduly burdensome, etc. . . . without specifying how each interrogatory or request for production is deficient and without articulating the particular harm that would accrue if the responding party were required to respond to the proponent's discovery requests simply is not enough.

*Liguria Foods, Inc. v. Griffith Laboratories, Inc.*, 320 F.R.D. 168, 185 (N.D. Iowa 2017).

In this case, Defendant's initial answers employ "boilerplate" objections extensively. For example, Defendant's answer to Plaintiff Moore's opening interrogatories uses the exact phrase "overbroad, unduly burdensome, not relevant to any party's claim or defense" sixteen times in the span of answering twenty-one interrogatories, and it rarely adds any explanation why the information sought is overbroad, unduly burdensome, and not relevant to a claim or defense.

5

Granted, several of Plaintiffs' interrogatories are overbroad and unduly burdensome on their face.[2] Even so, the rules of discovery require Defendant to state the grounds for its objections with specificity.

**B.  Plaintiffs have largely failed to comply with the Court's briefing instructions.**

On the other hand, in their memos Plaintiffs have largely failed to comply with the Court's directive to "*explain[] in detail* with pinpoint *citation to relevant legal authority* (preferably 8th Circuit caselaw) why the opposing party's response to that particular interrogatory or request for production is insufficient."  Order at 4.  Plaintiffs have largely cut-and-pasted boilerplate arguments into their memos which are unhelpful in deciding the specific discovery disputes before the Court.  Plaintiffs' oft-repeated mantra is that Defendant's responses are "insufficient pursuant to the standard of FRCP 33(b)(4), 33(d)(1)," but Plaintiffs almost always fail to explain in detail *why* Defendant's response is insufficient.

Further, Plaintiffs' memos barely cite any legal authority, much less Eighth Circuit caselaw.  Granted, Plaintiffs' memos cite Federal Rules of Civil Procedure 26(b)(1), 33(b)(4), and 33(d)(1), which are the applicable rules, but these citations are not helpful since the disputes here do not concern what the rules of the discovery are so much as the *application* of these rules to Defendant's answers to Plaintiffs' interrogatories.  That is why the Court directed the parties to provide pinpoint citation to other cases, preferably Eighth Circuit cases.  Plaintiffs responded by

---

[2] For example, Brown Interrogatory No. 15 directs Defendant to "identify each person who has been employed by [the Kansas City Police Department from January 1, 2012 to January 1, 2021] by stating their name, date of birth, race, gender, job title, department name, unit name, wage information, hire date, date employed, termination date and termination reason."  Similarly, Moore Interrogatory No. 5 directs Defendant to "list . . . all persons from whom anyone . . . has obtained statements or factual memoranda (whether handwritten, oral, typewritten, court reporter recorded or otherwise) pertaining to the facts related in any way to the claim or claims upon which this suit is based. With respect to each, please furnish a brief description of the statements or memoranda sufficient to identify it, including type, date and to whom given."

6

citing three cases—a Supreme Court decision from 1978, a Tenth Circuit decision from 1995, and a Northern District of Iowa decision from 2000—all of which stand for fairly generic propositions and not particularly helpful to resolving the issues here.

As a consequence, rather than conduct Plaintiffs' legal research for them, where citation to authority was needed to rebut Defendant's arguments but not provided, the Court gave Plaintiffs' argument on that point little, if any, weight.

### C. Rulings on specific interrogatories.

In ruling on the specific interrogatories below, the Court has adopted the following format. First, the Court has provided the entire interrogatory (or interrogatories) first,[3] followed by Defendant's entire answer in bold, then a summary of the most arguments made in each parties' discovery dispute memos, and finally the Court's ruling.

### 1. Moore, Brown, Solomon interrogatory No. 1.

1. Identify yourself and each person who assisted you in answering these interrogatories by stating:

    a. The person's name, residential address, business address, and telephone number; and

    b. The corresponding number of each interrogatory each person assisted you in answering.

**ANSWER: Objection. The interrogatory calls for information protected by the attorney work product doctrine. Further objecting, the interrogatory is overbroad, unduly burdensome, not relevant to any party's claim or defense, and seeks information not proportional to the needs of the case. This information is neither discoverable nor otherwise subject to disclosure under the Federal Rules of Civil**

---

[3] Many of the disputed interrogatories are identically worded but submitted separately for each of the three Plaintiffs, so one ruling resolves all three interrogatories.

**Procedure.   The interrogatory is further vague and ambiguous with its use of the phrases "Identify yourself" and "assisted you in answering."**

**Without waiving these objections, and subject thereto, Retired Major Diane Mozzicato is verifying the answers to these interrogatories.**

Plaintiffs' memos argue Defendant's answer is insufficient because the attorney-client work product doctrine "is intended only to guard against divulging the attorney's strategies and legal impressions."   *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995).

Defendant responds:

> The BOPC objected as overly broad, not relevant, not proportional, vague, and ambiguous, and invasive of personal privacy and attorney work product.   As the BOPC has told plaintiffs, the people assisting in responding to these interrogatories are part of in-house legal staff.   Identifying these folks (let alone providing private contact information) serves no discoverable purpose. If plaintiffs want to know who has relevant information, then the Rule 26 disclosures and documents produced are the best indicators of that. As the BOPC has assured plaintiffs, the BOPC is not hiding any relevant witness behind its objection to Interrogatory No. 1.

Mem. Ex. 3 at 1, ECF No. 83-3.

**The Court's ruling:**   Defendant's objection is overruled.   Who prepared Defendant's interrogatory responses is discoverable information because the response will identify individuals who have knowledge of the facts in this case.   Granted, if these individuals are attorneys or legal staff, what they know about these responses may be protected by the attorney work-product doctrine.   But Defendant has not cited any authority suggesting that the work-product doctrine shields from discovery the mere *names* of attorneys or staff who may have helped answer.

Defendant's claim that the interrogatory is overbroad, unduly burdensome, not relevant to any party's claim or defense, and seeks information not proportional to the needs of the case, is

8

impermissible boilerplate. Consequently, objections on these grounds are waived. Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."). Also, in the context of this interrogatory, the phrases "identify yourself" and "assisted you in answering" are not vague and ambiguous.

That said, because defense counsel are officers of the court, the Court takes them at their word that everyone who helped prepare these interrogatory responses other than Diane Mozzicato are in-house legal staff. And the Court sees no justification for Plaintiffs to contact such legal staff at home or by phone, or to otherwise possess their personal contact information, so there is no reason Defendant needs to provide a residential address or telephone number for these individuals.[4]

Accordingly, Defendant shall answer this interrogatory in full, with the exception of providing the residential address or telephone number for these individuals. If the legal staff who assisted in the preparation of these interrogatories received any information from anyone who is not legal staff (e.g., a file clerk in the Kansas City, Missouri Police Department) such individual(s) must also be identified.

**2. Moore, Brown, Solomon interrogatory No. 2.**

2. Describe all plaintiff's positions and job duties associated with plaintiff's position at the Kansas City Police Department.

**ANSWER: Pursuant to Federal Rule of Civil Procedure 33(d), the BOPC refers plaintiff to documents produced in response to Plaintiff's First Request for**

---

[4] Of course, if Plaintiffs have some reason to believe one or more of the individuals who assisted in the preparation of the responses are not bona fide members of Defendant's legal staff—if, for example, Defendant has designated ordinary employees of the Kansas City, Missouri, Police Department's records department as legal staff—the Court may revisit this ruling.

**Production of Documents. In particular, see BOPC000965-1531 and 3137-13853, including 4481-4486, 4500, 4908-4952, 5797-5800, 6518-6235, 6733-6919, as well as 13862-14375, and 14464-14587.**

Plaintiffs argue that a litigant may use a document production to respond to interrogatories only if the answer can be clearly derived from the production. They argue the answer cannot be clearly derived from Defendant's document production because Defendant has cited to over 10,000 Bates-numbered pages to answer an interrogatory that could be answered in a paragraph, but they do not cite any analogous caselaw. Plaintiffs request the Court instruct Defendant to answer the interrogatory in full and specifically identify corresponding produced documents.

In its memo, Defendant replies that its response referring Plaintiffs to the produced documents was appropriate because otherwise it would have to spend the time and resources to describe every job position ever held by Plaintiffs throughout their employment history. It argues it is no more burdensome for Plaintiffs to review these personnel records for these answers than it is for Defendant, especially when Plaintiffs actually worked these jobs, so they know what positions they have held and their associated job duties. To the extent they might not, the personnel records contained in the document production explain Plaintiffs' employment details. Defendant quotes *Handi-Craft Co. v. Action Trading, S.A.*, for support. No. 4:02-cv-1731-LMB, 2004 WL 6043510, at *5 (E.D. Mo. May 21, 2004) ("The purpose behind [Rule 33(d)] is to place the burden of research on the interrogating party and relieves an answering party from preparing a direct response to an interrogatory."). It contends Plaintiffs know what positions they have held and their associated job duties, and to the extent they do not, the personnel records contained in the document production explain Plaintiffs' employment details.

**The Court's ruling:** Rule 33(d) states:

> If the answer to an interrogatory may be determined by examining . . . a party's business records . . . and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could.

Unfortunately, neither party has described what is in the 10,000 plus pages of Bates-stamped documents Defendant identified as being responsive, so the Court has no idea whether they are responsive or if Defendant specified these records in sufficient detail.

Defendant has represented to the Court that these documents are responsive. While that seems difficult to believe—particularly given that Defendant repeatedly cites these same documents as responsive to a wide range of Plaintiffs' interrogatories—Plaintiffs bear the burden of demonstrating they are entitled to the relief sought, and they have not made any showing that any of the cited documents are unresponsive, for example, by citing specific pages which are non-responsive.

Accordingly, Plaintiffs' requests are denied with respect to these interrogatories.

**3.      Brown Interrogatory No. 7 (also Moore No. 4, Solomon No. 7).**

7.  Please identify in detail all persons' having knowledge of the Crimes against Children Unit Investigation stating the person's name, residential address, telephone number, job title, and description of involvement; and identify any reprimands or punishment issued by you for this incident.

**ANSWER: Objection. The interrogatory is vague and ambiguous, overbroad, unduly burdensome, not relevant to any party's claim or defense, and seeks information not proportional to the needs of the case in requesting information regarding "all persons' having knowledge". The information is also invasive of personal privacy without any showing of need. Subject to and without waiving these objections, the BOPC refers plaintiff to its Rule 26 disclosures. Further answering, the BOPC refers plaintiff to documents produced in response to Plaintiff's First Request for**

11

**Production of Documents.   In particular, see BOPC000001-127, 94, 3137-13853, 4176-4177, and 14627-14652.**

Plaintiffs contend Defendant's reference to the above-numbered documents "is insufficient pursuant to the standard of FRCP 33(b)4, 33(d)(1)."   Plaintiffs argue this information is needed to identify witnesses and to investigate whether discrimination occurred through plaintiff's comparators.   With respect to Defendant's objections, Plaintiffs contends Defendant failed to show specifically how each request for production is not relevant or how each question is overly broad, burdensome, and not relevant; that the customary temporal scope in federal cases is 10 years; and that the citation to over 10,000 pages of documents is insufficiently specific for Plaintiffs to locate and identify any adequate response as easily as Defendant could.   Plaintiffs fail to cite any authority supporting their positions.

Defendant replies that providing the private contact information of "all persons" serves no discoverable purpose.   If Plaintiffs want to know who has relevant information, then the Rule 26 disclosures and documents produced regarding the CAC investigation are the best indicators of that, which Plaintiffs already have.   Defendant also states it does not understand the reference to a 10-year scope.   Finally, Defendant argues that in addition to having the Rule 26 disclosures, Plaintiffs know the relevant players as well as Defendant and provide no explanation why it is easier for Defendant to review the documents to identify "all persons having knowledge" than Plaintiffs.

**The Court's ruling:**   Defendant's bare assertion that the interrogatory is overbroad, unduly burdensome, not relevant to any party's claim or defense, and seeks information not proportional to the needs of the case, is impermissible boilerplate.   Consequently, objections on these grounds are waived.   Fed. R. Civ. P. 33(b)(4).

12

With respect to Defendant's referring Plaintiffs to 10,000 pages of records for any answers, again, because neither party has described what is in these documents, the Court has no idea how responsive they are. Plaintiffs' boilerplate responses (Defendant's referring Plaintiffs to the number documents "is insufficient pursuant to the standard of FRCP 33(b)4, 33(d)(1) . . .") with no citation to legal authority is as unhelpful. Defendant has indicated that the documents are responsive. Since Plaintiffs bear the burden of demonstrating they are entitled to the relief sought, and they have not made any showing that Defendant has cited unresponsive documents. Plaintiffs' requests are denied with respect to these interrogatories.

**4.      Brown Interrogatory No. 8 (also Moore No. 5, Solomon No. 8)**

8. Please list the names, addresses and telephone numbers of all persons from whom anyone, according to your best information and belief, has obtained statements or factual memoranda (whether handwritten, oral, typewritten, court reporter recorded or otherwise) pertaining to the facts related in any way to the claim or claims upon which this suit is based. With respect to each, please furnish a brief description of the statements or memoranda sufficient to identify it, including type, date and to whom given.

**ANSWER: Objection. The interrogatory is overbroad, unduly burdensome, not relevant to any party's claim or defense, and seeks information not proportional to the needs of the case in its request for personal information about anyone who has gathered factual information "related in any way" to the claims in this case. The information is also invasive of personal privacy without any showing of need. Subject to and without waiving these objections, pursuant to Federal Rule of Civil Procedure 33(d), the BOPC refers plaintiff to documents produced in response to Plaintiff's First Request for Production of Documents. In particular, see the CAC investigation materials at BOPC003137-13853, including the table of contents at 13794-13853.**

Plaintiffs' arguments here are almost identical to those made concerning the preceding interrogatory, as is Defendant's reply.

13

**The Court's ruling:** Defendant's objections are boilerplate and so waived. Because neither party has described what is in the 10,000 pages of documents, the Court has no idea whether the cited pages are responsive. Defendant has indicated that the documents are responsive. Since Plaintiffs bear the burden of demonstrating they are entitled to the relief sought, and they have not made any showing that Defendant has cited unresponsive documents, nor cited any analogous caselaw supporting their position, Plaintiffs' requests are denied with respect to these interrogatories.

5.     **Brown Interrogatory No. 9 (also Moore No. 6 and Solomon No. 10)**

9.   Please state all of the reasons for which you suspended the plaintiff's employment at Kansas City Police Department.

**ANSWER: Pursuant to Federal Rule of Civil Procedure 33(d), the BOPC refers plaintiff to documents produced in response to Plaintiff's First Request for Production of Documents. In particular, see BOPC000001-964 and 3137-13853, including 4186.**

Plaintiffs argue this response is insufficient because the answer cannot be clearly derived from the cited documents.

Defendant's response mirrors that given to the preceding question.

**The Court's ruling:** Because neither party has described what is in the over 11,000 pages of Bates-stamped documents cited by Defendant, the Court has no idea whether the cited pages are responsive. Defendant has indicated that they are responsive. Since Plaintiffs bear the burden of demonstrating they are entitled to the relief sought, and they have not made any showing that Defendant has cited unresponsive documents, nor have they cited any analogous caselaw supporting their position, Plaintiffs' request for relief is denied.

14

6.     **Brown Interrogatory No. 10 (also Solomon No. 11)**

    10.   Please state all of the reasons for which you recommended the suspension and termination of the plaintiff's employment at Kansas City Police Department.

    **ANSWER: Pursuant to Federal Rule of Civil Procedure 33(d), the BOPC refers plaintiff to documents produced in response to Plaintiff's First Request for Production of Documents.   In particular, see BOPC000001-127, 965-1531, and 3137-13853, including 46-62, 66-94, 4186, 5395-5429, 5646-5648, 5678-5681, 5783-5788, 5801-5814, 6084-6109, and 9314-10086.**

Plaintiffs argue this response is insufficient because the answer cannot be clearly derived from the cited documents.

Defendant argues it referred Plaintiffs to its EEOC position statement related materials, personnel records, and investigation materials, all of which address Brown's suspension and termination, as well as Solomon's suspension related to the CAC investigation and the termination of her employment for a domestic violence incident.   Defendant also cites *Handi-Craft Co.* in support.

    **The Court's ruling:**   From Defendant's description of the cited documents, it appears they are responsive.   Since Plaintiffs bear the burden of demonstrating they are entitled to the relief sought, and they have not made any showing that Defendant has cited unresponsive documents, nor cited any analogous caselaw supporting their position, Plaintiffs' request is denied with respect to these interrogatories.

7.     **Brown Interrogatory No. 11 (also Moore No. 9 and Solomon No. 12)**

    11.   Please identify each complaint plaintiff submitted to you by stating the date of the report, who investigated the report, and the results of the investigation.

    **ANSWER:   Objection.   The interrogatory lacks specificity or any temporal scope. It is overbroad, unduly burdensome, not relevant to any party's claim or defense, and**

15

**seeks information not proportional to the needs of the case in seeking information about "each complaint" with no limit or scope as to time or subject of the complaint. Subject to and without waiving these objections, pursuant to Federal Rule of Civil Procedure 33(d), the BOPC refers plaintiff to documents produced in response to Plaintiff's First Request for Production of Documents. In particular, see statements made by Plaintiff in BOPC 00001-127 and 3137-13853, including 6-8, 103-105, 5572-5645, 5675-5677, and 9314-10086.**

Plaintiffs argue this response is insufficient because the answer cannot be clearly derived from the cited documents.

In addition to its standard arguments about scope, relevance, and proportionality, Defendant argues Plaintiffs know their complaints and the results of those complaints; that the cited documents refer to their complaints of discrimination in their EEOC charges and their complaints about the CAC investigation; and that Plaintiffs have cited no authority requiring the BOPC to distill those records into a paragraph for Plaintiffs' convenience.

**The Court's ruling:** Defendant's objections are boilerplate and so waived. As for Defendant's answering by referring Plaintiffs to records, from the limited description of the cited documents provided by Defendant, it appears they are responsive. Since Plaintiffs bear the burden of demonstrating they are entitled to the relief sought, and they have not made any showing that Defendant has cited unresponsive documents, nor cited any analogous caselaw supporting their position, Plaintiffs' request for relief is denied.

8.      **Brown Interrogatory No. 12 (also Moore No. 7 and Solomon No. 14)**

12.    Please state all of the reasons why plaintiff was denied a wage increase, overtime pay, wages during a suspension, and/or a bonus.

**ANSWER: Objection. The interrogatory lacks specificity or any temporal scope. It is overbroad, unduly burdensome, not relevant to any party's claim or defense, and seeks information not proportional to the needs of the case.**

16

Plaintiffs argues Defendant's response is unresponsive and insufficient because they made a claim for wage discrimination, which makes such information discoverable. Moreover, Defendant failed to show specifically how each request for production is not relevant or how each question is overly broad, burdensome, and not relevant to any party. Plaintiffs also assert, without citation to authority, that "the customary temporal scope in federal cases is 10 years."

In its brief, Defendant argues that the request is too broad (asking about any wage increase, suspension pay, bonus, or overtime throughout Plaintiffs' employment) and not proportional to the case. More importantly, for the first time, it provides some specific examples of these problems related to this request. For example, it argues that seeking "all of the reasons" for any pay issue with no limit or scope as to time or subject, is too broad because overtime decisions sometimes must be made every day, sometimes multiple times a day, with limited documentation, thus asking about every decision denying overtime over the entire course of Plaintiffs' careers potentially involves thousands of decisions. Additionally, Defendant notes Plaintiffs are masters of their Complaint, and thee Complaint does not allege any specific denial of compensation, nor have Plaintiffs ever alleged being paid less or being denied pay.

**The Court's ruling:** Although Defendant makes several arguments in its discovery dispute memo explaining why the request is arguably too broad and not proportional, these arguments should have been made in its interrogatory answer explaining its objection. *See Liguria Foods*, 320 F.R.D. at 185 ("[M]erely asserting boilerplate objections that the discovery sought is vague, ambiguous, overbroad, unduly burdensome, etc. . . . without specifying how each interrogatory or request for production is deficient and without articulating the particular harm that would accrue if the responding party were required to respond to the proponent's discovery

requests simply is not enough."). The Court will not entertain these arguments now. *See Mills v. E. Gulf Coal Preparation Co.*, LLC, 259 F.R.D. 118, 132 (S.D.W. Va. 2009) ("Failure to state objections specifically in conformity with the Rules will be regarded as a waiver of those objections.").

Defendant shall answer these interrogatories by providing a specific written answer. It may also cite specific corresponding produced documents, but it may not cite documents in lieu of providing a specific written answer.

9. **Brown Interrogatory No. 13 (also Moore No. 8 and Solomon No. 15)**

13. Please state each policy and procedure violation plaintiff has committed from January 1, 2012 to January 1, 2019.

**ANSWER: Pursuant to Federal Rule of Civil Procedure 33(d), the BOPC refers plaintiff to documents produced in response to Plaintiff's First Request for Production of Documents. In particular, see Plaintiff's personnel records at BOPC000965-1531. See also BOPC000001-127 and 3137-13853, including 46-62, 66-94, 4186, 5395-5429, 5646-5648, 5678-5681, 5783-5788, 5801-5814, 6084-6109, and 9314-10086.**

Plaintiffs argue this response is insufficient because the answer cannot be clearly derived from the cited documents.

Defendant responds that it referred Plaintiffs to their personnel records and investigation materials, and Plaintiffs' argument is not supported by citation to caselaw.

**The Court's ruling:** From the limited description of the cited documents provided by Defendant, it appears the cited documents are responsive, and Plaintiffs have not cited any caselaw supporting their position. These portions of Plaintiffs' motions are denied.

10. **Brown Interrogatory No. 14**

18

14. Regarding the Crimes Against Children Unit from January 1, 2012 to January 1, 2021, please state per year the total caseload, the total cases closed, the total cases sent to the prosecutor, the total cases that had deficiencies, the total cases that resulted in a prosecution and the total cases that were closed without a charge filed.

**ANSWER: Objection. The interrogatory is overbroad, unduly burdensome, not relevant to any party's claim or defense, and seeks information not proportional to the needs of the case. The interrogatory lacks specificity and has too large a temporal scope. It is further vague and ambiguous in its use of the term "deficiencies."**

Plaintiff Brown argues Defendant's answers failed to explain specifically how each question in the interrogatory is overbroad, unduly burdensome, and not relevant. Plaintiff also contends, without citation, that "[t]he customary temporal scope in federal cases is 10 years. Finally, Plaintiff states the term "deficiencies" is not vague since it was the term Defendant used in its investigation against Plaintiff.

Defendant responds that this interrogatory fails to focus on matters at issue in this case; is overbroad, not relevant, and not proportional because the interrogatory lacks specificity and has too large a temporal scope; and is vague and ambiguous in its use of the term "deficiencies." It also notes that Plaintiffs' contention that they had a higher workload than others CAC coworkers and that this is why they were disciplined more severely, this contention is addressed in the CAC investigation materials. Plaintiffs fail to meet their burden to show a need for such information outside of the materials they already have.

**The Court's ruling:** Most of Defendant's objections are boilerplate and so waived. With respect to Defendant's argument that the term "deficiencies" is vague and ambiguous, the Court holds that while "deficiencies" could be vague and ambiguous in some contexts, since

Defendant apparently used this same term in describing cases the unit sent to prosecutors in its investigation, it is not vague and ambiguous in the context of this case.

Although it is a close call whether an objection asserting the interrogatory "has too large a temporal scope" is sufficiently specific or adequately articulates the particular harm that would befall Defendant if it were forced to answer, the Court agrees the temporal scope is too large and limits the scope to five years. This five-year period shall be chosen by Plaintiff.

Defendant shall answer this interrogatory for a five-year period to be determined by Plaintiff.

**11.     Brown Interrogatory No. 15**

> 15.  Regarding the Kansas City Police Department from January 1, 2012 to January 1, 2021, please identify each person who has been employed by you by stating their name, date of birth, race, gender, job title, department name, unit name, wage information, hire date, date employed, termination date and termination reason.
>
> **ANSWER: Objection. The interrogatory is overbroad, unduly burdensome, not relevant to any party's claim or defense, and seeks information not proportional to the needs of the case. The interrogatory lacks specificity and has too large a scope both as to time and employees who would need to be included. It is vague and ambiguous in the phrase "wage information." It is also invasive of personal privacy without any showing of need.**

Brown argues the requested information is needed to identify witnesses and to investigate whether discrimination occurred for Plaintiff's comparators. Plaintiff contends Defendant failed to show specifically how each request for production is not relevant or how each question is overly broad, burdensome, and not relevant to any party. She also contends the customary temporal scope in federal court is ten years, but she cites no authority for this claim.

Defendant responds that the interrogatory seeks detailed information regarding everyone who has worked for the BOPC over a nine-year period and does not attempt to identify comparators

or other relevant individuals. It argues the interrogatory is overbroad, not relevant, and not proportional because the interrogatory lacks specificity and has too large a scope both as to time and employees who would need to be included. It is also vague and ambiguous in the phrase "wage information," and invasive of third-parties personal privacy without any showing of need.

**The Court's ruling:** Defendant's objection that the request is unduly burdensome and overbroad fails to specifically explain how they are unduly burdensome and overbroad, so it is impermissible boilerplate. That said, this interrogatory seeks so much specific information for every single KCPD employee for a nine-year period that is facially burdensome and overbroad, and so the objection is sustained. *See Cotton v. Costco Wholesale Corporation*, No. 12-2731-JW, 2013 WL 3819974, at *2 (D. Kan. July 24, 2013) (holding that where a discovery request is overly broad on its face, the proponent bears the burden of convincing the court that the request is proper).

**12.  Brown Interrogatory No. 16**

16.  Please identify each person who has disclosed information to the Kansas City Star about the Crimes Against Children Unit from January 1, 2012 to January 1, 2021 by stating their name, date of birth, race, gender, job title, department name, wage information, hire date, and termination date.

**ANSWER:  Objection.  The interrogatory is overbroad, unduly burdensome, not relevant to any party's claim or defense, and seeks information not proportional to the needs of the case.  It is also invasive of personal privacy without any showing of need.  The interrogatory lacks specificity and has too large a temporal scope.  It is further vague and ambiguous in its use of the phrases "wage information" and "disclosed information."**

Plaintiff Brown argues this interrogatory is needed to identify witnesses and to investigate whether discrimination occurred through plaintiff's comparators. Brown also argues Defendant failed to show specifically how each request for production is not relevant or how each question is overly broad, burdensome and not relevant to any party, and that any privacy concerns are a

21

non-issue due to the protective order in this matter. Brown also argues, without citation to authority, that the customary temporal scope in federal cases is ten years.

Defendant observes Brown provided no explanation as to why individuals who "disclosed information" to the Star for any reason over a nine-year period is necessary. It argues the interrogatory is overbroad, unduly burdensome, not relevant, and not proportional to the needs in this case, as well as vague and ambiguous in its use of the phrases "wage information" and "disclosed information." Plaintiffs fail to meet their burden for a need for such broad information. Defendant cites *Cotton v. Costco Wholesale Corporation* for support.

**The Court's ruling:** Defendant's objections that the interrogatory is overbroad, unduly burdensome, irrelevant, and seeks information not proportional to the litigation are boilerplate and so waived.

The Court agrees, however, that the terms "disclosed information" and "wage information" in the context of this interrogatory are vague and ambiguous. The interrogatory fails to explain what "disclosed information" means, or what specific information Plaintiff is seeking by asking for "wage information." "Disclosed information" could mean many things. For example, it could be asking for only officially disclosed information, such as that an official KCPD spokesperson(s) provided to the Star, or any and all information—including anonymous tips—that any KCPD employee provided to the Star. Exactly what information Defendant is expected to supply for "wage information" is similarly unclear. Current salary information? Starting salary? All salary history? Does the request cover deferred compensation, such as 401(k) benefits, or non-cash renumeration, such as the use of a car? Since Plaintiffs did not define or clarify what

22

either of these terms means, and these terms could potentially cover so much information, Defendant's objection is sustained.

**13.    Brown Interrogatory No. 17**

> 17.  Please identify each person who has been employed by the Quality Control Unit from January 1, 2012 to January 1, 2021 by stating their name, date of birth, race, gender, job title, department name, wage information, hire date, and termination date.

> **ANSWER:   Objection.   The interrogatory is overbroad, unduly burdensome, not relevant to any party's claim or defense, and seeks information not proportional to the needs of the case.   It seeks too large a temporal scope and is vague and ambiguous in the phrase "wage information."   It is also invasive of personal privacy without any showing of need.**

Brown's argument here is identical to that articulated for interrogatory number 16.

Defendant responds: Brown has failed to show why she needs a detailed list of employees for this unit for a nine-year period; the interrogatory is overbroad, unduly burdensome, not relevant, and not proportional; and the phrase "wage information" is vague and ambiguous.

**The Court's ruling:**   Defendant's objections are boilerplate and so waived.

Since a report prepared in part by the Quality Control Unit appears to have been the basis for some of the adverse employment actions taken against Brown, the identity of the individuals in this unit are discoverable.   What Plaintiffs seek for wage information is unclear.   Accordingly, Defendant shall answer this interrogatory in full, with the exception of providing any answer to the request for "wage information" since it is vague and ambiguous.

23

**14.    Brown Interrogatory No. 18**

18. Please state each Unit and/or Department that has been investigated by the Quality Control Unit from January 1, 2012 to January 1, 2021 by stating the name of the Unit and/or Department, the date of the investigation, a description of each reprimands or punishment issued by you for its findings, and a description of the findings.

**ANSWER:   Objection.   The interrogatory is overbroad, unduly burdensome, not relevant to any party's claim or defense, and seeks information not proportional to the needs of the case.   It seeks too large a temporal scope and is vague and ambiguous in the phrase "each reprimands or punishment."   It is also invasive of personal privacy without any showing of need.**

Brown's argument here is essentially identical to that made in interrogatory numbers 16 and 17.

Defendant argues Brown has not met her burden of showing why she needs this information, especially for a nine-year period.   Defendant argues there is no suggestion of differential treatment or other relevance because there is no suggestion of any similar course of events, nor does Brown suggest anyone involved in the decisions adverse to her was presented with a similar situation for other officers yet handled it differently.   Defendant cites *Beasley v. Warren Unilube, Inc.*, for support.   933 F.3d 932, 938 (8th Cir. 2019) (holding that to show an employer treated similarly-situated employees in a disparate manner, plaintiffs and the potential comparators "must have dealt with the same supervisor, have been subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances").

**The Court's ruling:**   Defendant's objections that the interrogatory is overbroad, unduly burdensome, irrelevant, and seeks information not proportional to the needs of the case are boilerplate and so waived.   Further, Defendant has not explained why for this question nine years is too long a timeframe, or why "reprimands or punishment" is vague and ambiguous.   Whether

24

other units or departments received the same level of scrutiny is discoverable, and Defendant has not made any showing that the Protective Order that is currently in place cannot shield the disciplinary records of third-parties from any potential invasion of privacy.[5]

Defendant shall answer this question.

**15.    Brown Interrogatory No. 19**

19.    Please state each person that worked for or had relations with the Kansas City Police Department's Crimes Against Children Unit between January 1, 2012 to January 1, 2021, including their name, date of birth, race, gender, job title, department name, wage information, hire date and termination date.

**ANSWER:   Objection.   The interrogatory is overbroad, unduly burdensome, not relevant to any party's claim or defense, and seeks information not proportional to the needs of the case.   It seeks too large a temporal scope and is vague and ambiguous in the phrase "wage information" and "had relations with."   It is also invasive of personal privacy without any showing of need.**

Brown's argument here is essentially identical to that for interrogatory number 16.

Defendant argues this interrogatory is too broad and Plaintiffs have not explained what they mean by "had relations with."   Alternately, even if Plaintiffs were treated differently than others in the CAC, any disparity is reflected in the CAC investigatory materials provided to Plaintiff because those are the individuals who were investigated, reviewed, and disciplined by the same people who disciplined plaintiffs.

**The Court's ruling:**   Defendant's objections that the interrogatory is overbroad, unduly burdensome, irrelevant, and seeks information not proportional to the needs of the case are

---

[5] *See* Protective Order at 2 (defining "Confidential Information" as information that "could potentially cause harm to the interests of the disclosing party or nonparties", which shall consist of "employment records," "confidential documents and information related to investigations," and "records whose disclosure is restricted or prohibited by statute."), ECF No. 57.

boilerplate and so waived. Defendant's objection that the phrase "worked for or had relations with" the CAC is vague and ambiguous is sustained, and so Defendant need not answer this interrogatory.

16. **Brown Interrogatory No. 20**

> 20. Please state each responsibility and work duty the Crimes Against Children Unit's assisting squad had between January 1, 2012 to January 1, 2021.

> **ANSWER: Objection. The interrogatory is overbroad, unduly burdensome, not relevant to any party's claim or defense, and seeks information not proportional to the needs of the case. It seeks too large a temporal scope. It is vague and ambiguous in its use of the phrases "each responsibility and work duty" and "assisting squad." It is also invasive of personal privacy without any showing of need.**

Brown's argument here is essentially identical to that for interrogatory number 16, with the clarification that "each responsibility" and "work duty" refers to obligations a person who works for the assisting squad in the CAC would have, and that "assisting squad" was a term used by Defendant to describe the squad that assisted the CAC with the high caseloads.

Defendant responds that Brown has still not adequately explained what she means by "each responsibility and work duty" and "assisting squad." Defendant suggests that if she were seeking a description of what each detective was doing every day for nine years, this is too broad. And if she wants a summary of typical assignments and duties, plaintiffs already know this information for the relevant timeframe when they worked in CAC, and the CAC investigation materials likewise reflect what detectives were doing. Finally, Defendant cites *Cotton v. Costco Wholesale Corporation* for the proposition that Plaintiffs have failed to meet their burden here because the request is facially objectionable.

26

**The Court's ruling:** Defendant's objections that the interrogatory is overbroad, unduly burdensome, irrelevant, and seeks information not proportional to the needs of the case are boilerplate and so waived. Defendant's objection that the phrases "each responsibility and work duty" and "assisting squad" are vague and ambiguous is sustained. Further, a plausible reading of these phrases would render the request so broad, particularly for a nine-year period, that the request is facially objectionable. *See id.*

17. **Brown Interrogatory No. 21**

    21. Please state all the occurrences at the Kansas City Police Department where an employee complained about racial, age, or sex discrimination or was written up for a racist, ageist, or sexist comment from January 1, 2012 to January 1, 2021 by identifying the name of the individual, the title of the individual, the date of the occurrence, a description of each reprimands or punishment issued by you for this occurrence, and a description of the occurrence.

        **ANSWER:  Objection.  The interrogatory is overbroad, unduly burdensome, not relevant to any party's claim or defense, and seeks information not proportional to the needs of the case.  It seeks too large a temporal scope and information regarding individuals too unrelated to Plaintiffs' allegations.  It is also vague and ambiguous in its use of the phrases "complained about," "written up," and "each reprimands or punishment."  It is also invasive of personal privacy without any showing of need.**

    In addition to the boilerplate arguments, Brown suggests answers to this interrogatory are needed to identify witnesses and investigate whether discrimination occurred during Defendant's investigative process.

    Defendant responds that this interrogatory does not define what is meant by "complained about," "written up," and "each reprimands or punishment." It also argues the information sought is not connected to these Plaintiffs, to the same alleged supervisors or decisionmakers, or to the same types of discrimination alleged here. Defendant cites *Beasley* in support of its claim that

27

Plaintiffs have failed to meet their burden for showing discovery into similarly-situated sweeping discovery is appropriate. It also cites a federal case applying Missouri privilege law recognizing an employee's general right to privacy in his employment records. *Mitchell v Mims*, No. 4:18-cv-0515-DGK, 2019 WL 573435, at *3 (W.D. Mo. Feb. 12, 2019).

**The Court's ruling:** Although Defendant's objections that the interrogatory is overbroad, unduly burdensome, irrelevant, and seeks information not proportional to the needs of the case are boilerplate, the interrogatory is facially overbroad with respect to conducting "similarly-situated" discovery when Brown and the other Plaintiffs have made no showing such discovery is appropriate. *See Cotton*, 2013 WL 3819974, at *2; *Beasley*, 933 F.3d at 938. Plaintiff's request is denied.

18. **Brown Interrogatory No. 22**

22. Has there ever been any litigation initiated against the defendant concerning any race, age, and/or gender discrimination and/or harassment from January 1, 2012 to January 1, 2021? If so, please [state]:

   a. the title and date of each action;

   b. the court in which the action was venued

   c. the name and address of the attorney for the plaintiff in each such action;

   d. the outcome of each such action; and

   e. the name, title and address of each employee or agent of the defendant who testified at the trial or gave a deposition.

**ANSWER: Objection. The interrogatory is overbroad, unduly burdensome, not relevant to any party's claim or defense, and seeks information not proportional to the needs of the case. It seeks too large a temporal scope and information regarding individuals too unrelated to Plaintiffs' allegations.**

28

Brown's arguments are identical to those concerning interrogatory 21. That is, in addition to their boilerplate arguments, she contends this information is needed to identify witnesses and investigate whether discrimination occurred through Defendant's investigative process.

Defendant's response is similar to that above.

**The Court's ruling:** This interrogatory seeks information on every single lawsuit filed against Defendant from 2012 to 2021 that alleges race, age, or gender discrimination. Although Defendant's objections that the interrogatory is overbroad, unduly burdensome, irrelevant, and seeks information not proportional to the needs of the case are boilerplate, this interrogatory is so facially overbroad with respect to conducting "similarly-situated" discovery that Defendant's objection is sustained. *See Cotton*, 2013 WL 3819974, at *2; *Beasley*, 933 F.3d at 938.

19. **Moore Interrogatory No. 10**

10. Please identify each person who has been employed by Internal Affairs from January 1, 2012 to January 1, 2021 by stating their name, date of birth, race, gender, job title, department name, wage information, hire date, and termination date.

**ANSWER: Objection. The interrogatory is overbroad, unduly burdensome, not relevant to any party's claim or defense, and seeks information not proportional to the needs of the case. It seeks too large a temporal scope and is vague and ambiguous in the phrase "wage information." It is also invasive of personal privacy without any showing of need.**

While Moore's memo makes several applicable boilerplate arguments germane to Defendant's objections ("Defendant failed to show specifically how each request for production is not relevant or how each question is overly broad, burdensome and not relevant to any party. The customary temporal scope in federal cases is 10 years."), she also argues, "A citation to over 10,000 pages of documents is not in sufficient detail to enable the plaintiff to locate and identify any adequate response as easily as the defendant could."

29

In addition to its boilerplate arguments, Defendant contends Moore has not demonstrated why she needs a list of every person who has been employed by Internal Affairs for a nine-year period along with personal information and their "wage information."

**The Court's ruling:**  This interrogatory illustrates how Plaintiffs' counsel has employed boilerplate arguments throughout their memos.  Here, counsel complains about Defendant citing to an excessive number of documents in its answer, when, in fact, Defendant cited no documents at all in this answer.  Plaintiffs' argument appears to be a typographical error caused by cutting and pasting arguments throughout its memos. [6]

Although Defendant's objections that the interrogatory is overbroad, unduly burdensome, irrelevant, and seeks information not proportional to the needs of the case are boilerplate, Moore's request for the identity, demographic information, and "wage information" of everyone who worked in Internal Affairs for the last nine years is facially overbroad, and so the objection is sustained.  *See id.*

## 20. Moore Interrogatory No. 11

11. Please state each Unit and/or Department that has been investigated by Internal Affairs from January 1, 2012 to January 1, 2021 by stating the name of the Unit and/or Department, the date of the investigation, a description of each reprimands or punishment issued by you for its findings, and a description of the findings.

**ANSWER:    Objection.   The interrogatory is overbroad, unduly burdensome, not relevant to any party's claim or defense, and seeks information not proportional to the needs of the case.   It seeks too large a temporal scope and is vague and ambiguous in the phrase "each reprimands or punishment."   It is also invasive of personal privacy without any showing of need.**

---

[6] For example, the Court notes the virtually identical sentences appear eight times in Plaintiff Solomon's brief alone: "While defendants can use document production to respond to interrogatories, that is only if the answer can be clearly derived from the production.  In this case, it is not as the defendant cites to over 10,000 documents to answer an interrogatory that can be simply responded to in a simple paragraph."

In their memos, both parties assert their boilerplate arguments.

**The Court's ruling:** The information sought is discoverable because investigations into how other units or departments were reprimanded or punished may reveal disparities in how Plaintiffs were treated. By asserting boilerplate objections without any additional explanation, Defendant has waived its objections to this interrogatory. And this is another instance where it is a close call asserting the interrogatory "has too large a temporal scope" is sufficiently specific or adequately articulates the particular harm that would befall Defendant if it were forced to answer. The Court agrees the temporal scope is too large and limits the scope to five years. This five-year period shall be chosen by Plaintiff.

Defendant shall answer this interrogatory for a five-year period to be determined by Plaintiff. To ensure there are no other disputes associated with this interrogatory, the Court notes this question asks about investigations of units and departments, not individuals. Defendant need not provide information on individuals.

21.    **Moore Interrogatory No. 12**

12.    Please state each caseload for each Unit and/or Department, from January 1, 2012 to January 1, 2021, by stating the total caseload each year, the total cases closed, the total cases sent to the prosecutor, the total employees in each Unit and/or Department, the total cases that had deficiencies, the reprimands or punishments given for those deficiencies, the total cases that resulted in a prosecution and the total cases that were closed without a charge filed.

**ANSWER: Objection. The interrogatory is overbroad, unduly burdensome, not relevant to any party's claim or defense, and seeks information not proportional to the needs of the case. The interrogatory lacks specificity and has too large a scope both as to time and as to "Units and/or Departments". It is further vague and ambiguous in its use of the term "deficiencies."**

31

Moore's briefing on this issue asserts boilerplate arguments but does not discuss the specifics of this interrogatory.

Defendant argues that comparing caseloads and specifics for other units is not an apples-to-apples comparison and therefore improper. It argues that Plaintiffs' contention that they had a higher workload than CAC coworkers and were disciplined more severely than these caseworkers can be explored in the CAC investigation materials already provided to Plaintiffs, and Plaintiffs have provided no explanation for a need for such information outside of the materials they already have.

**The Court's ruling:** Although Defendant's objections that the interrogatory is overbroad, unduly burdensome, irrelevant, and seeks information not proportional to the needs of the case are boilerplate, this interrogatory is facially overbroad and so Defendant's objection is sustained. *See id.*

**22.   Moore Interrogatory No. 13**

> 13. Please state each person who has committed a policy and/or procedure violation in the Crimes against Children Unit from January 1, 2012 to January 1, 2021 by identifying the name of the individual, the title of the individual, the date of the occurrence, a description of each reprimands or punishment issued by you for this occurrence, and a description of the occurrence.

> **ANSWER:  Objection.  The interrogatory is overbroad, unduly burdensome, not relevant to any party's claim or defense, and seeks information not proportional to the needs of the case.   It seeks too large a temporal scope and information regarding individuals too unrelated to Plaintiffs' allegations.   It is vague and ambiguous in its use of the phrase "each reprimands or punishment."   It is also invasive of personal privacy without any showing of need.   Subject to and without waiving these objections, pursuant to Federal Rule of Civil Procedure 33(d), the BOPC refers plaintiff to documents produced in response to Plaintiff's First Request for Production of Documents regarding the investigation into the Crimes Against**

32

**Children Unit at issue in this case. In particular, see BOPC000001-127, 94, 3137-13853, 4176-4177, and 14627-14652.**

In her briefing, Moore asserts her boilerplate arguments, including that Defendant's citation to over 10,000 pages of documents does not identify responsive documents with sufficient detail, but does not discuss the specifics of this interrogatory.

In its response, Defendant reiterates its boilerplate objections and adds Plaintiffs have not shown the need for such information beyond the materials already provided to them. Citing caselaw, Defendant argues there is no obligation on it to distill the information in these materials into a paragraph for Plaintiffs' convenience. Defendant does not, however, maintain its objection that the phrase "each reprimand[s] or punishment" is vague and ambiguous.

**The Court's ruling:** Defendant's boilerplate objections that the interrogatory is overbroad, unduly burdensome, irrelevant, and seeks information not proportional to the needs of the case are waived. How other individuals in the CAC were disciplined during the same time period is discoverable, and the need for this information in the litigation outweighs any potential invasion of privacy.[7] While this interrogatory could possibly be potentially burdensome or not proportional to the needs of the case, Defendant's boilerplate arguments fail to explain how. Finally, since Defendant has apparently dropped its objection that the phrase "each reprimand or punishment" is vague and ambiguous, the Court will not consider this argument.

Although after objecting to the interrogatory Defendant also answered it by referring Plaintiffs to over 10,000 pages, because neither party has described what is in these documents, the Court has no idea whether Defendant has identified responsive documents in sufficient detail.

---

[7] Also, the privacy interests of nonparties in their disciplinary records are already protected under the Protective Order.

Consequently, the Court instructs Defendant to answer this question again. If Defendant answers this question by referring Plaintiff to records, it must specify those records in sufficient detail to enable Plaintiff to readily locate and identify them. Referring Plaintiff to large numbers of records, only a handful of which are actually responsive, is not acceptable.

23.    **Moore Interrogatory No. 14**

> 14.  Please state each and every investigative finding in the Crimes Against Children Unit Investigation from January 1, 2012 to January 1, 2021.
>
> **ANSWER: Objection. The interrogatory is overbroad, unduly burdensome, not relevant to any party's claim or defense, and seeks information not proportional to the needs of the case. It seeks too large a temporal scope and is vague and ambiguous in its use of the phrase "each investigative finding from January 1, 2012 to January 1, 2021." Subject to and without waiving these objections, pursuant to Federal Rule of Civil Procedure 33(d), the BOPC refers plaintiff to documents produced in response to Plaintiff's First Request for Production of Documents regarding the investigation into the Crimes Against Children Unit at issue in this case. In particular, see BOPC000001-127, 94, 3137-13853, 4176-4177, and 14627-14652.**

Plaintiffs restate their boilerplate arguments that Defendant's reference to the above-numbered documents "is insufficient pursuant to the standard of FRCP 33(b)4, 33(d)(1);" Defendant failed to show specifically how each request for production is not relevant or how each question is overly broad, burdensome and not relevant; the customary temporal scope in federal cases is 10 years; Defendant fails to provide a written answer which would properly respond to the interrogatory; and that the citation to over 10,000 pages of documents is insufficiently specific for Plaintiffs to locate and identify any adequate response as easily as Defendant could. Plaintiffs do not cite any authority supporting their positions.

Defendant argues this is a prime example of Plaintiffs' misuse of Rule 33(d).

34

**The Court's ruling:** Defendant's claim the interrogatory is overbroad, unduly burdensome, not relevant to any party's claim or defense, and seeks information not proportional to the needs of the case, is impermissible boilerplate. Consequently, objections on these grounds are waived. Fed. R. Civ. P. 33(b)(4).

With respect to Defendant's answering the question by citing to 10,000 pages, because neither party has described what is in these records, the Court does not know how responsive these documents are. Since it is likely that the CAC investigation findings would be located in the documents pertaining to that investigation, Defendant's representation that the documents it has produced are responsive to this interrogatory is plausible. Plaintiffs bear the burden of demonstrating they are entitled to the relief sought, and they have not made any showing that Defendant has cited an excessive number of unresponsive documents (for example, by citing specific pages which are non-responsive). The Court denies Plaintiff the requested relief.

**24.    Moore Interrogatory No. 15**

15. Please provide a list of the allocated caseload for each employee in the Crimes Against Children Unit Investigation from January 1, 2012 to January 1, 2021.

**ANSWER: Objection. The interrogatory is overbroad, unduly burdensome, not relevant to any party's claim or defense, and seeks information not proportional to the needs of the case. It seeks too large a temporal scope and information regarding individuals too unrelated to Plaintiffs' allegations. It is vague and ambiguous in its use of the phrase "each reprimands or punishment." Subject to and without waiving these objections, pursuant to Federal Rule of Civil Procedure 33(d), the BOPC refers plaintiff to documents produced in response to Plaintiff's First Request for Production of Documents regarding the investigation into the Crimes Against Children Unit at issue in this case. In particular, see BOPC003137-13853.**

With respect to this interrogatory, Plaintiffs' assert their boilerplate arguments, in addition to noting that Defendant's reference to "each reprimands or punishment" is not germane.

35

In reply, Defendant asserts its boilerplate arguments, but also intimates that the answers Plaintiffs seek are in the CAC investigation materials that have already been provided to Plaintiffs.

**The Court's ruling:** Defendant's objections that the interrogatory is overbroad, unduly burdensome, irrelevant, and seeks information not proportional to the needs of the case are impermissible boilerplate and waived.

Further, assuming for the sake of argument that the answers to this interrogatory can be found in the previously disclosed documents, Defendant's referring Plaintiffs to over 10,000 pages of Bates-stamped documents to answer a fairly straightforward question about caseloads does not seem to comply with Rule 33(d)'s requirement that the records be specified with sufficient detail. Defendant's objection is overruled. Defendant shall provide a list—not refer Plaintiffs to documents—of the allocated caseload for each employee in the CAC from January 1, 2012 to January 1, 2021.

**25. Moore Interrogatory No. 16**

16. Please state each and every person who received reprimand or punishment for improper recording practices for inventory of the evidence locker from January 1, 2012 to January 1, 2021 by identifying the name of the individual, the title of the individual, the date of the occurrence, a description of each reprimands or punishment issued by you for this occurrence, and a description of the occurrence.

**ANSWER: Objection. The interrogatory is overbroad, unduly burdensome, not relevant to any party's claim or defense, and seeks information not proportional to the needs of the case. It is also invasive of personal privacy without any showing of need. Subject to and without waiving these objections, pursuant to Federal Rule of Civil Procedure 33(d), the BOPC refers plaintiff to documents produced in response to Plaintiff's First Request for Production of Documents regarding the investigation into the Crimes Against Children Unit at issue in this case. In particular, see BOPC003137-13853.**

Both parties' briefs assert arguments similar to those raised above.

36

**The Court's ruling:** Defendant's boilerplate objections that the interrogatory is overbroad, unduly burdensome, irrelevant, and seeks information not proportional to the needs of the case are waived.

Defendant's referring Plaintiffs to over 10,000 pages of Bates-stamped documents to answer a simple question about who has been reprimanded or punished for improper recording practices for inventory in the evidence locker does not seem to comply with Rule 33(d)'s requirement that the records be specified with sufficient detail.

Defendant shall answer this question as written and not refer Plaintiffs to documents.

26.  **Moore Interrogatory No. 17**

17.  Please state each and every person who received reprimand or punishment pursuant to the Crimes Against Children Unit Investigation findings from January 1, 2012 to January 1, 2021 by identifying the name of the individual, the title of the individual, the date of the occurrence, a description of each reprimands or punishment issued by you for this occurrence, and a description of the occurrence.

**ANSWER: Objection. The interrogatory is overbroad, unduly burdensome, not relevant to any party's claim or defense, and seeks information not proportional to the needs of the case. It seeks too large a temporal scope and is vague and ambiguous in its use of the phrase "each reprimands or punishment." It is also invasive of personal privacy without any showing of need. Subject to and without waiving these objections, pursuant to Federal Rule of Civil Procedure 33(d), the BOPC refers plaintiff to documents produced in response to Plaintiff's First Request for Production of Documents regarding the investigation into the Crimes Against Children Unit at issue in this case. In particular, see BOPC000001-127, 94, 3137-13853, 4176-4177, and 14627-14652.**

With respect to this interrogatory, both parties' briefs assert arguments similar to those raised above.

37

**The Court's ruling:** Defendant's boilerplate objections that the interrogatory is overbroad, unduly burdensome, irrelevant, and seeks information not proportional to the needs of the case are waived.

Defendant's referring Plaintiffs to over 11,000 pages of Bates-stamped documents to answer a simple question about who has been reprimanded or punished as a result of the CAC investigation does not comply with Rule 33(d)'s requirement that the records be specified with sufficient detail to find them.

Defendant shall answer this question as written and not refer Plaintiffs to documents.

27. **Moore Interrogatory No. 18**

18. Please state each and every person who received reprimand or punishment from the Kansas City Police Department from January 1, 2012 to January 1, 2021 by identifying the name of the individual, the title of the individual, the date of the occurrence, a description of each reprimands or punishment issued by you for this occurrence, and a description of the occurrence.

**ANSWER: Objection. The interrogatory is overbroad, unduly burdensome, not relevant to any party's claim or defense, and seeks information not proportional to the needs of the case. It seeks too large a temporal scope and information regarding individuals too unrelated to Plaintiffs' allegations and is vague and ambiguous in its use of the phrase "received reprimand" and "each reprimands or punishment." It is also invasive of personal privacy without any showing of need.**

In her brief, Plaintiff Moore asserts the usual arguments, none of which discuss this interrogatory specifically.

In its response, Defendant argues Moore has not demonstrated why she needs such Department-wide information, much less for a nine-year period. It argues there is no suggestion that the decisionmakers behind other disciplinary decisions for the department are the same as those who decided Plaintiffs' punishments, so there is no value to this discovery.

38

**The Court's ruling:** Although Defendant's objections that the interrogatory is overbroad, unduly burdensome, irrelevant, and seeks information not proportional to the needs of the case are boilerplate, Plaintiff's request is excessively broad and burdensome on its face, and Plaintiff has not shown the need for such material outweighs the burden of producing it. *See Cotton v. Costco Wholesale Corporation*, No. 12-2731-JW, 2013 WL 3819974, at *2. Defendant's objection is sustained.

28. **Moore Interrogatory No. 19**

> 19. Please state each person that participated in the investigation of the Kansas City Police Department's Crimes Against Children Unit between January 1, 2012 to January 1, 2021, including their name, date of birth, race, gender, job title, department name, wage information, hire date and termination date.

> **ANSWER: Objection. The interrogatory is overbroad, unduly burdensome, not relevant to any party's claim or defense, and seeks information not proportional to the needs of the case. The interrogatory has too large a temporal scope and is vague and ambiguous in the phrase "wage information." It is also invasive of personal privacy without any showing of need. Subject to and without waiving these objections, pursuant to Federal Rule of Civil Procedure 33(d), the BOPC refers plaintiff to documents produced in response to Plaintiff's First Request for Production of Documents regarding the investigation into the Crimes Against Children Unit at issue in this case. In particular, see BOPC003137-13853, including 13794-13853.**

Both parties briefing repeats arguments that have been raised previously. But Defendant also argues Plaintiffs know the relevant players as well as Defendant, and Plaintiffs have provided no explanation why it is supposedly easier for Defendant to review documents to identify who participated than it is for Plaintiffs to review these documents.

**The Court's ruling:** Defendant's objections that the interrogatory is overbroad, unduly burdensome, not relevant to any party's claim or defense, and seeks information not proportional

39

to the needs of the case, are impermissible boilerplate and waived.  For the reasons discussed earlier, however, the Court holds the term "wage information" is vague and ambiguous so Defendant need not provide any "wage information."

Defendant's argument that citation to 11,000 plus pages of documents for an answer is sufficient because Plaintiffs know who the "relevant players" is not persuasive.  In fact, since Defendant's answer does not state that only individuals named in the cited documents participated in the CAC investigation, so it is unclear whether other individuals may also have participated.  Defendant shall answer this question again either by providing a written answer, responsive documents, or both.

**29.    Moore Interrogatory No. 20**

20.  Please state each person that is/was on the Brady list between January 1, 2012 to January 1, 2021, including their name, date of birth, race, gender, job title, department/unit name, wage information, hire date, termination date, and short description of offense committed.

**ANSWER:  Objection.  The interrogatory is overbroad, unduly burdensome, not relevant to any party's claim or defense, and seeks information not proportional to the needs of the case.   It has too large a temporal scope and is vague and ambiguous in the phrase "wage information."   It is also invasive of personal privacy without any showing of need.**

Both parties briefing on this issue is unhelpful.  Plaintiff's Moore's response does not explain what the "Brady list" is, and Defendant's brief is only somewhat better:   The Court gleans from Defendant's response that the Brady list is a list of individuals the Jackson County Prosecutor considers having "Brady concerns."   Defendant argues it does not have control over who the Jackson County Prosecutor places on the list, so discovery into other individuals on the Brady list

40

serves no point, since this case is about Defendant's decisions to discipline Plaintiffs, not the Jackson County Prosecutor's decision to place Plaintiffs on the Brady list.

**The Court's ruling:** Defendant's boilerplate objections that the interrogatory is overbroad, unduly burdensome, not relevant to any party's claim or defense, and seeks information not proportional to the needs of the case, are waived. Since Plaintiff Moore has not explained what the Brady list is, established that Defendant has any control over it, or explained its relevance to this case, Moore has not shown she is entitled to the relief sought. Plaintiff's request for relief is denied.

30. **Moore Interrogatory No. 21**

21. Please state the policy for the digital maintenance and retention of casework, evidence and other information in the Crimes Against Children Unit including:

  (a) each software program used to retain case work and information in the Crimes Against Children Unit;

  (b) the specific codification, if any, of the policy for case work and evidence retention;

  (c) who, if any, has the ability to delete these files, the procedure an employee has to follow in order to delete files in these programs; and

  (d) Each punishment or reprimand given by you for unauthorized file deletions in the Crimes Against Children Unit from January 1, 2012 to January 1, 2021.

**ANSWER: Objection. The interrogatory is overbroad, unduly burdensome, not relevant to any party's claim or defense, and seeks information not proportional to the needs of the case. It has too large a temporal scope. It is also invasive of personal privacy without any showing of need.**

Moore states she has alleged "[D]efendant used its Tiburon and CMS systems as a way to discriminate against her by deleting her files and then punishing her for deficiencies due to evidence lost in the deletions," and then asserts her boilerplate arguments. Moore Mem. at 10.

41

Defendant responds, "Plaintiffs do not explain how this Interrogatory bears on matters at issue in this case," and then reiterates its boilerplate arguments. Def.'s Mem. Ex. 3 at 12.

**The Court's ruling:** The dispute concerning this interrogatory is a good example of why the Court is frustrated by the parties' behavior..

To begin, contrary to Plaintiffs' counsels' assertion, it is debatable whether the Complaint alleges that "Defendant used its Tiburon and CMS systems as a way to discriminate against her by deleting her files and then punishing her for deficiencies due to evidence lost in the deletions." In fact, the words "Tiburon," "CMS," "computer," "system," and "deleting" (or "delete") do not appear in the Complaint. Of course, in the middle of a single paragraph in the seventy-page Complaint, it asserts

> . . . Sgt. Zink was discovered to maintain a file specifically for the African American Female Detectives in the CAC Unit and was caught tampering with files related to the CAC Unit's investigations; Capt. Paulson was allowed to use purged information against the African American Female detectives during the CAC Unit investigation . . .

Compl. ¶ 22. But this allegation is so vague Defendant can be forgiven for not understanding how this interrogatory is related to any of the Complaint's allegations.

That said, once Plaintiff clarified in her memo that "Defendant used its Tiburon and CMS systems as a way to discriminate against her by deleting her files and then punishing her for deficiencies due to evidence lost in the deletions," this should have led to the parties resolving this dispute without the Court's intervention. Instead, Defendant responded in its memo, "Plaintiffs do not explain how this Interrogatory bears on matters at issue in this case." Def.'s Mem. Ex. 3 at 12.

Defendant's response is incorrect: Plaintiff' Moore's memorandum explains why Plaintiffs propounded this interrogatory. But unfortunately, the Court is the one that had to scour the record to determine exactly what was going on here, which is a colossal waste of the Court's time. This is particularly true since this is a dispute the parties should have been able to resolve without the Court's intervention.

The Court rules as follows. By asserting in its answer boilerplate objections that do not explain exactly why this interrogatory is overbroad, unduly burdensome, irrelevant to any party's claim or defense, etc., Defendant has waived these objections. This interrogatory is not excessively broad and burdensome on its face. Defendant shall answer this interrogatory as asked.

**31.** **Solomon Interrogatory No. 2**

> 2. State the full corporate name, state of incorporation, date of incorporation, all fictitious names, and date used for you:
> Corporate Name: _____
> State of incorporation: _____
> Date of incorporation: _____
> Fictitious name(s): _____
> Date authorized to do business in Missouri: _____
> Member Names: _____
> Member Shares Percentage: _____

**ANSWER:   Objection.   The interrogatory is overbroad, unduly burdensome, not relevant to any party's claim or defense, and seeks information not proportional to the needs of the case.   The information is also invasive of personal privacy without any showing of need.   It is also vague and ambiguous as applied to the BOPC.**

In her memo, Solomon argues this is a standard interrogatory to which Defendant has failed to respond.   She also argues Defendant has failed to show specifically how the question is overly broad, burdensome, and not relevant.

43

In its response, Defendant argues this interrogatory is vague and ambiguous as applied to the BOPC because it "is not a corporation, it is a creature of Missouri statute. Its members hold no 'shares' and are publicly-known because they are publicly appointed." Def.'s Mem. Ex. 3 at 12.

**The Court's ruling:** Defendant should have answered this interrogatory simply by explaining it is not a corporation. Instead, perhaps because it was frustrated by Plaintiffs' counsel propounding upon it a clearly inapplicable interrogatory, Defendant answered with boilerplate objections.

While Defendant's frustration with the interrogatory is understandable, by answering with boilerplate objections that do not explain exactly why the interrogatory is overbroad, unduly burdensome, irrelevant, etc., Defendant has waived these objections. Defendant shall provide a written answer to this interrogatory as asked.

**32.  Solomon Interrogatory No. 13**

> 13. Please state all of the reasons for which you changed plaintiff's status as a victim to suspect in the Domestic Violence case.
>
> **ANSWER:   Pursuant to Federal Rule of Civil Procedure 33(d), the BOPC refers plaintiff to documents produced in response to Plaintiff's First Request for Production of Documents. In particular, see BOPC0000128-964, including 273-348 and 580-597.**

Plaintiff argues Defendant's answering this interrogatory by citing over 800 pages of documents does not comply with the specificity requirement of Rule 33(d)(1).

Defendant responds that it has produced the criminal investigation file, the records surrounding the Internal Affairs investigation into Solomon's domestic violence incident, the records regarding Solomon's termination hearing stemming from these matters, and the BOPC's

44

response to Solomon's EEOC charge, all of which explain the handling of Solomon's domestic violence case. These materials include the sworn testimony of the detective who supposedly "changed" Solomon's status and provided both a sworn Internal Affairs statement and sworn testimony at Solomon's termination hearing. It also cites *Handi-Craft* for the proposition that it does not have to distill all of these records into a paragraph that states all reasons.

**The Court's ruling:** Defendant has described what is in the cited documents and why they are responsive to this interrogatory. Solomon bears the burden of demonstrating she is entitled to the relief sought and she has not shown Defendant has referred her to unresponsive documents. Solomon's request for relief is denied.

**33.    Solomon Interrogatory No. 16**

> 16.    Please explain in detail your policies and procedures regarding employees personally involved in a domestic violence incident and, by doing so, please identify the codification of such policies and procedures if any.

> **ANSWER:   Pursuant to Federal Rule of Civil Procedure 33(d), the BOPC refers plaintiff to documents produced in response to Plaintiff's First Request for Production of Documents.   In particular, see BOPC0000128-964.**

The parties' arguments on this interrogatory mirror those made with respect to Solomon Interrogatory No. 13.

**The Court's ruling:** Defendant has described what is in the cited documents and why they are responsive to this interrogatory. Solomon bears the burden of demonstrating she is entitled to the relief sought, and she has not shown Defendant has referred her to unresponsive documents. Solomon's request is denied.

45

**34.    Solomon Interrogatory No. 17**

17. Please state all the occurrences at the Kansas City Police Department from January 1, 2012 to January 1, 2021 where an employee was involved as a suspect or victim in a domestic violence incident by identifying the name of the individuals, the title of the individuals, the date of the occurrence, each reprimands or punishment issued by you for this occurrence, and a description of the occurrence.

**ANSWER:   Objection.   The interrogatory is overbroad, unduly burdensome, not relevant to any party's claim or defense, and seeks information not proportional to the needs of the case.   It seeks too large a temporal scope and information regarding individuals too unrelated to Plaintiffs' allegations.   It is also vague and ambiguous in its use of the phrase "each reprimands or punishment."   The information is also invasive of personal privacy without any showing of need.**

Solomon argues the answer to this interrogatory is needed to identify witnesses and to investigate whether discrimination occurred through her comparators; that Defendant failed to show specifically how the request is not relevant, overly broad, or burdensome; the privacy concerns are a non-issue because there is a protective order in place; the customary temporal scope in federal cases is ten years, and the term "each reprimand or punishment" is not vague because it refers to any disciplinary action which may have been taken.

Defendant responds that the interrogatory seeks exceptionally broad and sensitive information, the identities of victims of domestic violence, over a nine-year period, despite Solomon never identifying anyone she contends was treated differently than her.   It also contends Solomon was terminated not just because of a domestic violence incident (after prior domestic violence incidents), but because she did not cooperate in the investigations into this matter—a grave failing for a law enforcement officer.   It argues there is no suggestion of any similar course of events, let alone similar decisionmakers or comparators, and she has not suggested that anyone

46

involved in the decisions adverse to her was presented with a similar situation for other officers yet handled it differently.

**The Court's ruling:** Defendant's boilerplate objections that the interrogatory is overbroad, unduly burdensome, not relevant to any party's claim or defense, and seeks information not proportional to the needs of the case, are waived. Even so, because this interrogatory is excessively broad and burdensome on its face and Plaintiffs have not shown the need for such material outweighs the burden of producing it, Defendant's objection is sustained. *See Cotton v. Costco Wholesale Corporation*, No. 12-2731-JW, 2013 WL 3819974, at *2.

**35. Solomon Interrogatory No. 18**

> 18. Please state in full and complete detail your procedure in suspending and terminating an employee.

> **ANSWER: Pursuant to Federal Rule of Civil Procedure 33(d), the BOPC refers plaintiff to documents produced in response to Plaintiff's First Request for Production of Documents. In particular, see BOPC0000128-964 and 3137-13853, including 3099-3136 and 4176-4177.**

Solomon argues Defendant's answering this interrogatory by citing over 10,000 pages of documents does not comply with the specificity requirement of Rule 33(d)(1), particularly since the interrogatory "can be simply responded to in a simple paragraph." Solomon Mem. at 7.

Defendant responds that all the Plaintiffs have the materials regarding their own suspensions and termination, including the applicable policies. Defendant contends this interrogatory is too unfocused to serve any meaningful use in this case, and that Plaintiffs have made no showing that they need to know what they do not already have.

**The Court's ruling:** Because neither party has described exactly what is in these 10,000 pages, the Court is unsure how responsive they are to this interrogatory. The Court suspects

47

Bates-numbered pages 3099-3136 and 4176-4177, which Defendant has highlighted specifically are very responsive. As for the remaining 10,000, the Court suspects Defendant may be responding to a question about a needle by pointing to a haystack, which is impermissible. But since Solomon bears the burden of demonstrating she is entitled to the relief sought, and she has not shown Defendant has referred her to any unresponsive documents, for example, by identifying any non-responsive documents in the 10,000 pages cited, Plaintiffs' request for relief is denied.

**36.  Solomon Interrogatory No. 19**

> 19.  Please identify each time a Crimes Against Children Unit employee made a report for assistance in the Crimes against Children Unit between January 1, 2012 to January 1, 2021.
>
> **ANSWER:  Objection.  The interrogatory lacks specificity or any temporal scope. It is overbroad, unduly burdensome, not relevant to any party's claim or defense, and seeks information not proportional to the needs of the case in seeking information about each "report for assistance" with no limit or scope as to time or subject, and the phrase "report for assistance" is vague and ambiguous.  Subject to and without waiving these objections, pursuant to Federal Rule of Civil Procedure 33(d), the BOPC refers plaintiff to documents produced in response to Plaintiff's First Request for Production of Documents.  In particular, see the documents regarding the investigation into the Crimes Against Children Unit at issue in this case at BOPC003137-13853.**

In her memo, Solomon argues Defendant's answering this interrogatory by citing over 10,000 pages of documents does not comply with the specificity requirement of Rule 33(d)(1).

In its memo, Defendant responds that Plaintiffs have the materials regarding their own suspensions and termination, including the applicable policies, and that this is sufficient.  Instead of arguing the interrogatory lacks temporal scope (as it did in its answer), Defendant contends the temporal scope is too large.  Finally, Defendant contends this interrogatory is too unfocused, and that Plaintiffs have made no showing that they need to know what they do not already have.

**The Court's ruling:** Defendant's boilerplate objections that the interrogatory is overbroad, unduly burdensome, not relevant to any party's claim or defense, and seeks information not proportional to the needs of the case, are waived.

With respect to Defendant's substantive answer, the Court holds its citation to the same 10,000 plus documents it always cites to is not responsive. However, since the interrogatory gives no guidance whatsoever on what the phrase "report for assistance" means, and this could potentially encompass a huge number of requests for things overtime, office supplies, new computers, etc., the Court finds that in the context of this interrogatory the phrase is vague and ambiguous. Defendant's objection is sustained.

37.     **Solomon Interrogatory No. 20**

   20. Please identify each newspaper article you have participated in between January 1, 2012 to January 1, 2021.

   **ANSWER: Objection. The interrogatory is overbroad, unduly burdensome, not relevant to any party's claim or defense, and seeks information not proportional to the needs of the case. The interrogatory lacks specificity or any temporal scope. It is also vague and ambiguous in its use of the phrase "you have participated." Subject to and without waiving these objections, pursuant to Federal Rule of Civil Procedure 33(d), the BOPC refers plaintiff to documents produced in response to Plaintiff's First Request for Production of Documents regarding statements made by authorized persons on behalf of the Kansas City, Missouri Police Department. In particular, see BOPC0003093-3098.**

   In relevant part, Solomon argues

> the defendant's cited documentation is unresponsive. Defendant provides no newspaper articles, but just a screen grab of their blog. This evidence is relevant due to plaintiff's claim that one of the methods of defendant's discrimination was through improperly releasing her personal information to the Kansas City Star. Plaintiff needs this information in order to compare whether

49

> defendant has released similar confidential information during an
> ongoing investigation as a comparator.

Solomon Mem. at 8.

Defendant responds that the BOPC and Kansas City, Missouri, Police Department are constantly in news articles; the term "participated" is vague and ambiguous as used in the interrogatory; but it has produced the news articles and public statements it made in reference to the CAC investigation.

**The Court's ruling:**  Defendant's boilerplate objections that the interrogatory is overbroad, unduly burdensome, not relevant to any party's claim or defense, and seeks information not proportional to the needs of the case, are waived.

As written, this interrogatory could require Defendant to find and identify at least hundreds, and perhaps thousands, of newspaper articles appearing in the Kansas City Star in which Defendant "participated," almost all of which would have no bearing on this lawsuit.   Hence, even though Defendant has raised boilerplate objections, this interrogatory is, on its face, so overbroad, unduly burdensome, and seeking information not proportional to the needs of the case, that Defendant's objection is sustained.  *See Cotton v. Costco Wholesale Corporation*, No. 12-2731-JW, 2013 WL 3819974, at *2.

## Conclusion

In the future, Plaintiffs should craft interrogatories that are narrower in scope and precisely articulate what they are seeking.   If Defendant objects to an interrogatory, it should explain in detail why and how it is overbroad, unduly burdensome, not relevant to any party's claim or defense, seeks information not proportional to the needs of the case, etc.   Defendant should also provide answers to interrogatories to the extent they are not objectionable, and Plaintiffs should be

50

prepared to more fully articulate how the discovery sought is bears on claims or defenses in the case. To the degree Defendant answers by specifying records, it must specify the records in greater detail. Counsel for both parties should make better efforts to confer.

Following these steps would not only save the parties the effort of multiple rounds of briefing, but it also would aid the court in resolving discovery disputes more expeditiously by bringing to the Court's attention only the disputes for which there is a genuine disagreement. Failure to do so may result in sanctions under Rule 11, Rule 26(g), Rule 37, 28 U.S.C. § 1927, or the Court's inherent authority. A sanction could encompass a variety of things, including an order to pay the reasonable expenses, including attorneys' fees, caused by the violation, or an order requiring the attorneys involved to research and prepare a presentation for other attorneys on the proper approaches to propounding and responding to discovery requests. *See*, *e.g.*, *Liguria Foods*, 320 F.R.D. at 189.

**IT IS SO ORDERED.**

Date: October 26, 2022          /s/ Greg Kays
                                GREG KAYS, JUDGE
                                UNITED STATES DISTRICT COURT

51