IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GLEANICE BROWN, LATONDRA MOORE, and TAMARA SOLOMON, | ) ) ) ) |
| Plaintiffs, | ) ) ) Case No. 4:20-CV-00920-DGK |
| v. | ) ) |
| KANSAS CITY, MISSOURI BOARD OF POLICE COMMISSIONERS, BY AND THROUGH ITS MEMBERS, DON WAGNER, MARK TOLBERT, CATHY DEAN, NATHAN GARRETT AND QUINTON LUCAS, et al., | ) ) ) ) ) ) ) |
| KANSAS CITY, MISSOURI FRATERNAL ORDER OF POLICE LODGE #99, | ) ) ) ) |
| Defendants. | ) |

## ORDER DENYING MOTION FOR RECONSIDERATION

Plaintiffs are three female African-Americans who were formerly detectives in the Crimes Against Children Unit ("CAC") of the Kansas City, Missouri, Police Department ("KCPD"). They allege their immediate supervisors discriminated against them on the basis of their race, age, and gender, and the KCPD discriminated against them in how it punished them for alleged procedure and policy violations in the CAC. Plaintiffs are suing the Kansas City, Missouri, Board of Police Commissioners by and through its individual members (collectively "Defendant BOPC" or "Defendant") and the Kansas City, Missouri, Fraternal Order of Police, on twenty different counts brought under various federal civil rights laws for discrimination, retaliation, and harassment based on race, age, and gender. This case was filed on November 16, 2020, and trial is currently set for September 25, 2023, with the pretrial conference set for August 18, 2023.

Now before the Court is Plaintiffs' Motion to Reconsider the Motion to Extend Deadlines for the 30(b)(6) Deposition. ECF No. 112. The Court previously denied Plaintiffs' request to extend the discovery deadline from April 28, 2023, to June 15, 2023. Plaintiffs' now request the Court reconsider at least a portion of that ruling so they can take a 30(b)(6) deposition.

The Federal Rules of Civil Procedure do not include a "motion for reconsideration." *Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co.*, No. 3:09-cv-05078-DGK, 2010 WL 3522476, at *1 (W.D. Mo. Sept. 2, 2010). "Such motions are usually construed as either a Rule 59(e) motion to alter or amend the judgment, or a Rule 60(b) motion for relief from a final judgment, order, or proceeding." *Id*.

Motions brought pursuant to Rule 59(e) "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988). They cannot be used to introduce evidence that could have been offered during the pendency of the motion, or "to raise arguments which could have been raised prior to the issuance of the judgment." *Id*. (holding district court did not err in failing to grant defendant's motion to alter the judgment because defendant could have raised its argument regarding the appropriate remedy while the motion for summary judgment was first pending).

Rule 60(b) motions may be used to reconsider a final order on certain enumerated grounds such as excusable neglect, fraud, newly discovered evidence, or "any other reason that justifies relief." A party moving for reconsideration pursuant to any portion of Rule 60(b) must "establish 'exceptional circumstances' to obtain the 'extraordinary relief' the rule provides." *DeWit v. Firstar Corp.*, 904 F. Supp. 1476, 1496 (N.D. Iowa 1995) (quoting *United States v. One Parcel of Prop. Located at Tracts 10 and 11 of Lakeview Heights, Canyon Lake, Cnty., Texas*, 51 F.3d 117,

2

119 (8th Cir. 1995)).

Here, Plaintiffs argue the Court erred in denying their prior request to extend discovery because they have been diligently engaged in active discovery. They contend opposing counsel is responsible for the delay in conducting the Rule 30(b)(6) deposition, because opposing counsel has been objecting to the topics, and the deadline to take discovery passed while the parties were still negotiating the issue. They argue Defendants will not be prejudiced by an extension, but they will suffer extreme prejudice if they cannot take this deposition.

Plaintiffs' argument is unpersuasive. It does not explain why Plaintiffs did not bring this issue to the Court's attention prior to April 14, 2023 (the date the Revised Scheduling and Trial Order fixed as the deadline to file any discovery motions), why they did not comply with Local Rule 16.3(a)(2) when they filed their initial motion to extend discovery, or why after almost three years of litigation they have not completed discovery.[1] Consequently, Plaintiffs have not established the requisite exceptional circumstances to grant the motion.

The motion to reconsider is DENIED.

**IT IS SO ORDERED.**

Date: June 6, 2023  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Even factoring in the Court's delay on ruling on the parties' voluminous discovery disputes, there was still plenty of time to conduct discovery in this case.